FILED by CW D.C.
ELECTRONIC
Aug 28 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

F & G RESEARCH, INC.,   Case No.: 06-60905-CIV-ALTONAGA/Turnoff

    Plaintiff,

v.

GOOGLE, INC.,

    Defendant.
_____/

### ANSWER TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

#### I. ANSWER

In response to the allegations of the Amended Complaint for Patent Infringement ("Complaint"), Defendant Google Inc. ("Google") alleges as follows:

1. Regarding paragraph 1, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations and, on that basis, denies them.

2. Regarding paragraph 2, the allegations are admitted.

3. Regarding paragraph 3, Google admits that the Complaint purports to state a claim under the patent laws, and that the Court has jurisdiction over the claims.

4. Regarding paragraph 4, Google denies that it has infringed Plaintiff's patent in this judicial district or anywhere else.

5. Regarding paragraph 5, the allegations are admitted insofar as Google does not deny that it is subject to personal jurisdiction in this district.

6. Regarding paragraph 6, Google admits that Exhibit A appears to be a genuine copy of U.S. Patent No. 5,313,229 ("the '229 patent"). With respect to the

remaining allegations, Google is without knowledge or information sufficient to form a belief as to their truth and, on that basis, denies them.

7. Regarding paragraph 7, the allegations are denied.

8. Regarding paragraph 8, the allegations are admitted.

9. Regarding paragraph 9, the allegations are denied.

10. Regarding paragraph 10, the allegations are denied.

11. Regarding paragraph 11, Google admits that its Google Earth software works with what are commonly referred to as a "scrolling mouse." Google denies the remaining allegations in paragraph 11.

12. Regarding paragraph 12, the allegations are denied.

13. To the extent any allegations of the Amended Complaint are not addressed above, they are denied.

## II. AFFIRMATIVE DEFENSES

In further answer to the Complaint, and as affirmative defenses, Defendant Google alleges as follows:

1. On information and belief, an opportunity for discovery will establish that Plaintiff's claims are barred by the doctrine of patent exhaustion and/or explicit or implied license, because users of Google software products are licensed under the '229 patent.

2. Google has not infringed, induced infringement or contributed to infringement of the '229 patent.

2

3. On information and belief, a reasonable opportunity for discovery will establish that the relevant claims of the '229 patent are invalid pursuant to 35 U.S.C. § 101, *et. seq.*

### III. COUNTERCLAIMS

For its counterclaims, Google alleges as follows:

1. Google incorporates its admissions, denials and responses above as if fully set forth herein.

2. Google is a Delaware corporation with a principal place of business at 1600 Amphitheatre Pkwy., Mountain View, California 94043-1351.

3. On information and belief, Plaintiff F & G Research, Inc. is a Florida corporation, with its principal place of business located at Naples and Fort Lauderdale, Florida.

4. There is a justiciable controversy between Google and Plaintiff regarding whether Google has infringed any patent rights owned by Plaintiff.

5. Plaintiff has licensed the '229 patent to manufacturers and distributors of scrolling mice.

6. On information and belief, Microsoft Corporation is a licensee of the '229 patent.

7. On information and belief, the license to the Microsoft Corporation extends to the use by customers of scrolling mice manufactured or distributed by or for Microsoft.

8. On information and belief, Microsoft Corporation's operating system and/or mouse device drivers or other software applications are licensed and the license flows to users of such software.

9. On information and belief, Logitech is a licensee of the '229 patent.

3

10. On information and belief, the license to Logitech extends to the use by customers of scrolling mice manufactured or distributed by or for Logitech.

11. On information and belief, Dalkin Corporation is a licensee of the '229 patent.

12. On information and belief, the license to Dalkin Corporation extends to the use by customers of scrolling mice manufactured or distributed by or for Dalkin Corporation.

13. On information and belief, Four Star Group is a licensee of the '229 patent.

14. On information and belief, the license to Four Star Group extends to the use by customers of scrolling mice manufactured or distributed by or for Four Star Group.

15. On information and belief, Primax Electronics, Ltd. Corporation is a licensee of the '229 patent.

16. On current information and belief, the license to Primax Electronics, Ltd. extends to the use by customers of scrolling mice manufactured or distributed by or for Primax Electronics, Ltd.

17. On information and belief, Adesso, Inc. is a licensee of the '229 patent.

18. On information and belief, the license to Adesso, Inc. extends to the use by customers of scrolling mice manufactured or distributed by or for Adesso, Inc.

19. On information and belief, Bink Corporation is a licensee of the '229 patent.

20. On information and belief, the license to Bink Corporation extends to the use by customers of scrolling mice manufactured or distributed by or for Bink Corporation.

21. On information and belief, Acco Brands, Inc. is a licensee of the '229 patent.

22.     On information and belief, the license to Acco Brands, Inc. extends to the use by customers of scrolling mice manufactured or distributed by or for Acco Brands, Inc.

23.     On information and belief, Targas, Inc. is a licensee of the '229 patent.

24.     On information and belief, the license to Targas, Inc. extends to the use by customers of scrolling mice manufactured or distributed by or for Targas, Inc.

25.     On information and belief, Sony Corporation is a licensee of the '229 patent.

26.     On information and belief, the license to Sony Corporation extends to the use by customers of scrolling mice manufactured or distributed by or for Sony Corporation.

27.     On information and belief, Spec Research, Inc. is a licensee of the '229 patent.

28.     On information and belief, the license to Spec Research, Inc. extends to the use by customers of scrolling mice manufactured or distributed by or for Spec Research, Inc.

29.     On information and belief, Cherry Corporation is a licensee of the '229 patent.

30.     On information and belief, the license to Cherry Corporation extends to the use by customers of scrolling mice manufactured or distributed by or for Cherry Corporation.

31.     On information and belief, Chicony Electronics Company is a licensee of the '229 patent.

32.     On information and belief, the license to Chicony Electronics Company extends to the use by customers of scrolling mice manufactured or distributed by or for Chicony Electronics Company.

33.     A substantial percentage of the users of scrolling mice in the United States are licensed under the '229 patent.

34.     Plaintiff has never identified to Google what brand or manufacturers of scrolling mice are not licensed under the '229 patent.

35.     Plaintiff has never identified to Google any users of Google software that are using the software with an unlicensed scrolling mouse.

36.     Google has not induced any of its users to use scrolling mice not licensed under the '229 patent in connection with its software.

37.     Plaintiff is unaware of any action by Google to induce the users of its software to use scrolling mice that are not licensed under '229 patent.

38.     Google has not infringed any patent rights owned by Plaintiff, including any of the claims of the '229 patent.

39.     Google is entitled to a declaratory judgment that it does not infringe any patent rights owned by Plaintiff, including any of the claims of the '229 patent.

## IV.    REQUEST FOR RELIEF

Wherefore, Defendant Google requests the following relief:

1.     That Plaintiff take nothing by way of the Complaint, and that the Complaint be dismissed with prejudice;

2.     That the Court issue a declaratory judgment that Google has not infringed any of Plaintiff's patent rights, including any claims of the '229 patent;

3.     That the Court enjoin Plaintiff, its officers, agents, servants, employees and attorneys, and all those persons in active concert or participation with them, from asserting that Google has infringed Plaintiff's patent rights in any manner;

4.     That the Court award Google its reasonable attorneys' fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure, 35 U.S.C. § 285, or as otherwise permitted by law; and

6

Case No.: 06-60905 – CIV-ALTONAGA/Turnoff

5.  That the Court grant any further relief that it deems just and equitable.

Respectfully submitted,

FELDMAN GALE, P.A.
Miami Center – 19th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Tel:  (305) 358-5001
Fax:  (305) 358-3309

By: _____
Gregory L. Hillyer
Florida Bar No. 682489
Email: GHillyer@feldmangale.com

Of Counsel:

PERKINS COIE LLP
Ramsey M. Al-Salam
Email: ralsalam@perkinscoie.com
1201 Third Avenue, 40th Floor
Seattle, Washington 98101
Tel:  (206) 359-8000
Fax:  (206) 358-9000

Attorneys for Defendant Google, Inc.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 28th day of August, 2006, a true and correct copy of the foregoing was duly served on counsel for Plaintiff via Facsimile and U.S. Mail addressed as follows:

Allen D. Brufsky, Esq.
Christopher & Weisberg, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
Fax:  (954) 828-9122

_____

7