UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-60905-CIV-ALTONAGA/Turnoff



F & G RESEARCH, INC.,

   Plaintiff,

vs.

GOOGLE INC.,

   Defendant.

## PLAINTIFF F & G RESEARCH, INC.'S REPLY TO DEFENDANT GOOGLE INC.'S COUNTERCLAIMS

Plaintiff, F & G Research, Inc. ("F&G"), by and through its undersigned counsel, hereby replies to the Counterclaims of Defendant Google Inc. ("Google") and states:

F&G responds to the numbered paragraphs of Google's counterclaims as follows:

1. As to paragraph 1: F&G denies each and every allegation in Google's denials and responses as set forth in its Answer.

2. As to paragraphs 2 3, 4, 5, 9, 10, 15, 16, 21, 22, 25, 26, 27, 28, 31, 32, 34, 35, and 37 inclusive, each and every allegation admitted

3. As to paragraphs 6, 7, 8, 11, 12, 13, 14, 17, 18, 19, 20, 23, 24, 29, 30, 38 and 39 inclusive, each and every allegation denied

4. As to paragraph 33 and 36 F&G is without sufficient knowledge to form a belief as to the allegations contained therein and thus denies the same.

5. Thus, leaving Google to its strict proof thereof at the trial of this cause.

And further replying:

6.	While F&G has licensed the '229 Patent to mouse manufacturers and resellers, the mouse itself is not the material element at issue with respect to Google. In this case, it is the Google Earth software that is the subject of the patent infringement claim against Google.

7.	35 U.S.C. § 271(c), provides that contributory infringement is defined as the manufacture, use, offer to sell or sale of "a material or apparatus for use in practicing a patented process, constituting a material part of the invention . . . (as noted previously and above this is the Google Earth software product, not the mouse) shall be liable as a contributory infringer" (parenthetical added). The mouse is not a material part of the claimed invention in this claim as a non-scrolling mouse, e.g., can be used to practice the claimed method invention as long as the mouse has a control to initiate the patented process embodied in the software.

8.	35 U.S.C § 271(d), restates that "no patent owner otherwise entitled to relief for infringement or contributory infringement shall be denied relief . . . by reason of his having done one of the following: . . . (2) licensed or authorized another to perform acts which if performed without his consent would constitute contributory infringement of the patent." Therefore a license to use a (scrolling) mouse to perform the patented process does not relieve the contributory infringer of liability where the material part of the invention claimed is the software embodying the method steps.

WHEREFORE, F & G Research, Inc. prays that:

1.	Google's counterclaims be dismissed with prejudiced; and
2.	the court grant any further relief deemed just and equitable.

Dated: September 13th, 2006  
      Fort Lauderdale, Florida

Respectfully Submitted,

_____  
Allen D. Brufsky, Esq.  
Florida Bar Number 133980  
abrufsky@cwiplaw.com  
CHRISTOPHER & WEISBERG, P.A.  
200 East Las Olas Boulevard, Suite 2040  
Fort Lauderdale, Florida 33301  
Telephone: (954) 828-1488  
Facsimile: (954) 828-9122  
*Attorneys for F & G Research, Inc.*

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFF F & G RESEARCH, INC.'S REPLY TO DEFENDANT'S COUNTERCLAIMS**, is being served via facsimile and deposited with the United States Postal Service in First Class postage-paid envelopes this 13th, day of September, 2006, addressed to:

Gregory Hillyer, Esq.  
Feldman Gale, P.A.  
201 South Biscayne Boulevard  
Miami Center - 19th Floor  
Miami, Florida 33132  
*Counsel for Google, Inc.*

Ramsey M. Al-Salam, Esq.  
Perkins Coie LLP  
1201 Third Avenue, 40th Floor  
Seattle, Washington 98101  
*Of Counsel for Google, Inc.*

_____  
Allen D. Brufsky, Esq.

61209