UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

    Plaintiff,

vs.

GOOGLE INC.,

    Defendant.

## JOINT DISCOVERY PLAN AND SCHEDULING REPORT

Plaintiff, F & G Research, Inc. ("F&G") and Defendant, Google Inc. ("Google"), pursuant to Southern District of Florida Local Rule 16.1 and the Court's Order Requiring Scheduling Report and Certificates of Interested Parties, have met and hereby jointly file this Joint Scheduling Report as follows:

### PLAINTIFF'S STATEMENT OF THE CASE

This case is an egregious example of patent infringement. The patent in suit covers a method as well as a computer mouse. In fact, the patent is titled "MOUSE AND METHOD FOR CONCURRENT CURSOR POSITION AND SCROLLING CONTROL."

The Complaint charges Google with contributory infringement under 35 U.S.C. § 271(c). Contributory infringement is defined by statute as the manufacture, use, offer to sell or sale of "a material or apparatus for use in practicing a patented process, constituting a material part of the invention…(**this is the GoogleEarth software product**, not the mouse, as alleged in the Amended Complaint, ¶ 7. Google distributes software that is used with the mouse) shall be liable

1

as a contributory infringer" (parenthetical added). The scrolling mouse is not the **material** part of the claimed invention in the **method** claim, claimed to be infringed, as a **non**-scrolling mouse, e.g., can be used to practice the claimed method invention as long as the mouse has a control to initial the patented process embodied in the software. Further, in order to avoid infringement, the defendant has the burden of showing, under the statute, which can be rebutted by F&G, that the software is a staple article of commerce suitable for non-infringing use. This is an issue of fact, which bars summary judgment of non-infringement, per se, as promulgated by Google, *infra*. If Google is raising as defense to the infringement charge that there is an implied license to provide its software, which is not clear from its statement, then it would have to show that the software has other non-infringing uses, again raising an issue of fact.

Nonetheless, 35 U.S.C. § 271(d), restates that "no patent owner otherwise entitled to relief for infringement or contributory infringement shall be denied relief…by reason of his having done one of the following:…(2) licensed or authorized another to perform acts, which if performed without his consent would constitute contributory infringement of the patent." Therefore, a license to use a (scrolling) mouse to perform the patented process does not relieve the contributory infringer or liability where the material part of the invention claimed is the software embodying the method steps.

**DEFENDANT'S STATEMENT OF THE CASE**

This case should not have been filed. The patent in suit covers a specific type of computer mouse, referred to as a "scrolling mouse." In fact, the patent is titled "MOUSE AND METHOD FOR CONCURRENT CURSOR POSITION AND SCROLLING CONTROL." The original Complaint asserts that Google infringes because of its "sale of various scrolling wheel computer mice." *See Complaint* ¶ 7. Google does not make, sell, offer for sale, or distribute computer mice.

When plaintiff was informed of these facts, plaintiff filed an amended complaint asserting that Google infringes simply because it allows customers to download software (i.e., its GoogleEarth software) that is "compatible with the scrolling mouse of the [ ] patent." *See Amended Complaint* ¶7. In particular, plaintiff asserts that Google is committing contributory infringement under 35 U.S.C. § 271(c) because it distributes software that could be used with an infringing mouse.

The claim is frivolous and is subject to early summary judgment because contributory infringement does not apply to a product that has "substantial noninfringing use." 35 U.S.C. § 271(c). Google's software has a substantial noninfringing purpose, as a matter of law, because there is no genuine issue of fact with respect to the following two facts: (1) the Google software can be used with any mouse and is not required to be used with a mouse within the patent claims; and (2) plaintiff has licensed a substantial portion of the computer mouse industry. In light of these undisputed facts, there is, as a matter of law, a "substantial noninfringing use" for the Google software – its use with unpatented and licensed computer mice. Plaintiff cannot, as a matter of law, prevent Google from selling software based on the possibility that someone may use such software with an infringing mouse. Because this issue is a straightforward issue of law, and is dispositive of plaintiff's claims, Google intends to move for summary judgment on the claim promptly and respectfully submits that this threshold issue should be resolved before the parties are required to engage in full discovery or otherwise litigate the issues.

## CASE MANAGEMENT TRACK

The parties recommend that the case be to the complex track (for the completion of discovery only) pursuant to Southern District of Florida Local Rule 16.1(A)(2)(c).

## RULE 26(f) DISCOVERY PLAN REPORT

A. The parties suggest that exchanges in compliance with Rule 26(a)(1) of *Fed. R. Civ. P.*, be made within thirty (30) days from the date of the Scheduling Order.

B. **Plaintiff's Position Concerning Discovery**: At the present time, F&G anticipates the need for basic document discovery, formal written discovery and deposition discovery of fact witnesses and expert witnesses in this case. However, F&G believes that these necessary elements of discovery can be deferred pending the outcome of an early mediation. F&G does not believe that there should be any delay in discovery on any issue, and would like to proceed quickly on discovery, so that the merits of this case be addressed expeditiously. F&G certainly does not believe that delay is merited simply on a stated intention that Google may at some point file a dispositive motion.

C. **Defendant's Position Concerning Discovery**: Google respectfully requests that the Court consider the threshold issue of whether plaintiff may sue Google on a contributory infringement theory (see discussion above) before the case proceeds through discovery. In particular, unless F&G withdraws its claim, Google intends to move for summary judgment within three weeks on the bases that plaintiff's allegation of infringement is frivolous. In connection with such motion, Google will request that discovery be stayed, except to the extent discovery relates to Google's summary judgment motion.

D. No changes to the discovery limitations as contained in the rules are presently anticipated.

## LOCAL RULE 16.1 SCHEDULING CONFERENCE REPORT

(a) <u>The likelihood of settlement</u>:

F&G requests that the case be set for early and accelerated mediation. F&G believes that while not probable, settlement is possible and will therefore continue to pursue that avenue.

4

Google believes settlement is unlikely unless plaintiff withdraws its claim promptly. Google is willing, however, to participate in mediation, but believes such mediation should occur, if necessary, after the Court considers Google's summary judgment motion, as described above.

(b) <u>The likelihood of appearance in the action of additional parties</u>:

There are currently other lawsuits pending in the Southern District of Florida with F&G as the Plaintiff, as Plaintiff is suing other entities for infringement of the same patent-in-suit. Some of those other cases have already settled and been dismissed. Plaintiff does not anticipate filing a motion to consolidate this case with any of the other pending cases at this time or in the near future.

Defendant Google does not anticipate other parties being added to this case.

(c) <u>Proposed limits on time</u>:

| | |
|---|---|
| (i) to join other parties and to amend the pleadings: | 01/22/07 |
| (ii) all dispositive pre-trial motions should be filed by: | 11/15/07 |

Discovery:

| | |
|---|---|
| 1) Completion of all discovery by: | 10/30/07 |

PLAINTIFF'S POSITION CONCERNING CLAIM CONSTRUCTION

2) Claim Construction:

| | |
|---|---|
| Parties to serve proposed claim terms: | 12/22/06 |
| Conference to determine disputed claim terms: | 01/12/07 |
| Parties to serve claim construction opening briefs: | 01/29/07 |
| Parties to serve claim construction reply briefs: | 03/02/07 |
| Claim Construction Hearing: | 04/02-03/07 |

DEFENDANT'S POSITION ON CLAIM CONSTRUCTION

For the reasons set forth above, claim construction is likely to be unnecessary in this case. For that reason, Google requests that any claim construction be scheduled later in the case, so that the Court can consider the threshold issue of whether plaintiff has a legal theory upon which it can recover. In particular, Google suggests that each of the dates above suggested by plaintiff be moved back two months.

PLAINTIFF'S POSITION FOR ALL FACT DISCOVERY TO BE COMPLETED

    3) All Fact Discovery to be completed by:         07/04/07

DEFENDANT'S POSITION FOR ALL FACT DISCOVERY TO BE COMPLETED

For the reasons set forth above, fact discovery is likely to be unnecessary in this case. For that reason, Google requests that any fact discovery be scheduled later in the case, so that the Court can consider the threshold issue of whether plaintiff has legal a theory upon which it can recover. In particular, Google suggests that fact discovery be completed by 07/04/07.

    4) *Fed. R. Civ. P.* 26(a)(2) expert disclosure/report from:

| | |
|---|---|
| Party with burden of proof: | 10/01/07 |
| Reply: | 10/15/07 |
| Rebuttal experts: | 10/30/07 |

(d) <u>Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses</u>:

F&G has no suggestions at this time but will attempt to stipulate to the extent possible.

For the reasons set forth above, Google asserts that there is no basis for plaintiff's claim of infringement and, absent plaintiff agreeing to withdraw its claim, Google will move for summary judgment within the next three weeks.

(e) <u>The necessity of desirability of amendments to the pleadings</u>:

No suggestions at this time.

(f) <u>The possibilities of obtaining admissions of fact and documents which will avoid unnecessary proof, stipulations regarding authenticity of documents and the need for advance rulings from the Court on admissibility of evidence</u>:

F&G believes the parties can discuss obtaining admissions of fact and stipulations as to the authenticity of documents in order to avoid unnecessary proof.

For the reasons set forth above, Google asserts that the key facts are undisputed. In particular, Google does not sell computer mice, its software works with any computer mice, and plaintiff has licensed a substantial portion of the computer mouse industry. These facts are sufficient to support the dismissal of plaintiff's claim.

(g) <u>Suggestions for avoidance of unnecessary proof and of cumulative evidence</u>:

Unknown at this time.

(h) <u>Suggestions on the advisability of referring matters to the Magistrate Judge or Master</u>:

The parties agree to refer all discovery motions to and hold status conferences before the Magistrate Judge.

(i) <u>A preliminary estimate of the time required for trial</u>:

5 to 7 days.

(j) <u>Required date or dates for conferences before trial, a final pretrial conference, and trial</u>:

Status Conferences, if desired, will be requested upon joint motion of the parties.

Final Pretrial Conference: <u>12/20/07</u>

| | |
|---|---|
| Trial | February 2008 |

(k) Any other information that might be helpful to the Court in setting the case for status of pretrial conference:

None at this time.

A proposed Joint Scheduling Order is attached hereto.

Dated: September 29, 2006

Respectfully submitted,

FBN 0055360

Allen D. Brufsky, Esq.  
Florida Bar Number 133980  
abrufsky@cwiplaw.com  
CHRISTOPHER & WEISBERG, P.A.  
200 East Las Olas Boulevard, Suite 2040  
Fort Lauderdale, Florida 33301  
Telephone: (954) 828-1488  
Facsimile: (954) 828-9122  
*Attorneys for Plaintiff, F & G Research, Inc*

Gregory L. Hillyer, Esq.  
Florida Bar Number 682489  
GHillyer@feldmangale.com  
FELDMAN GALE, P.A.  
Miami Center – 19th Floor  
201 South Biscayne Boulevard  
Miami, Florida 33131  
Telephone: (305) 358-5001  
Facsimile: (305) 358-3309  
*Attorneys for Defendant, Google Inc.*

| | |
|---|---|
| Trial | <u>February 2008</u> |

(k) <u>Any other information that might be helpful to the Court in setting the case for status of pretrial conference</u>:

None at this time.

A proposed Joint Scheduling Order is attached hereto.

Dated: September 25, 2006                                             Respectfully submitted,

*[signature]*

Allen D. Brufsky, Esq.
Florida Bar Number 133980
abrufsky@cwiplaw.com
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488
Facsimile: (954) 828-9122
*Attorneys for Plaintiff, F & G Research, Inc*

Gregory L Hillyer, Esq.
Florida Bar Number 682489
GHillyer@feldmangale.com
FELDMAN GALE, P.A.
Miami Center – 19th Floor
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5001
Facsimile: (305) 358-3309
*Attorneys for Defendant, Google Inc.*

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

    Plaintiff,

vs.

GOOGLE INC.,

    Defendant.

## JOINT PROPOSED SCHEDULING ORDER

**THIS CAUSE** came before this Court upon the Joint Scheduling Report filed by Plaintiff, F&G Research, Inc. ("F&G"), and Defendant, Google Inc. ("Google"). The Court has carefully reviewed the merits of said report and after due consideration, it is

**ORDERED AND ADJUDGED:**

1. This case shall be assigned to the Complex Track (for the completion of discovery only) pursuant to Local Rule 16.1(A)(2)(c).

2. The detailed schedule of discovery for each party shall be as follows:

    Motions to add additional parties and to amend the pleadings shall be filed by 01/22/07, absent good cause shown.

    Discovery cut-off will occur 10/30/07.

    Expert reports shall be served by the party bearing the burden of proof by 10/01/07, reply report shall be served by 10/15/07 and rebuttal expert reports shall be served by 10/30/07.

    Claim Construction Hearing shall be held on 04/02-03/07.

The parties shall serve claim construction opening briefs by 01/29/07, and the claim construction reply briefs shall be served by 03/02/07.

All dispositive pretrial motions shall be filed by 11/15/07.

The disposition by the Court of all pretrial motions shall be by _____.

All motions in limine or motions that otherwise relate to the introduction or admissibility of evidence shall be filed no later than Sixty (60) days prior to the pretrial conference.

The Court shall hold a status conference upon a joint request by the parties.

The Court shall hold a final pretrial conference on 12/20/07.

Trial shall commence on February 2008.

 CECILIA M. ALTONAGA
 UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsels of record