UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

      Plaintiff,

vs.

GOOGLE INC.,

      Defendant.

### GOOGLE INC.'S RESPONSE TO F&G RESEARCH, INC.'S MOTION FOR THE COURT TO ASSIGN MEDIATION DATES

Google, Inc. ("Google"), by and through its undersigned counsel, hereby files its response to F&G Research, Inc.'s ("F&G") Motion for the Court to Assign Mediation Dates, and in support thereof, respectfully states as follows.

The Court should not require the parties to mediate the dispute before September 2007 for two reasons. First, the Court already set a mediation deadline in November 2007 (*see* Docket No. 27, Pretrial Schedule Order of Oct. 3, 2006). Second, Google believes this case will be resolved without the need for mediation.

Plaintiff F&G's patent relates to a computer mouse. Google does not sell computer mice. When F&G realized this fact, it amended its complaint to assert that Google is liable for contributory infringement because it distributes Google Earth software, which is "compatible" with such a mouse. Amended Complaint, ¶ 8. This newest allegation is frivolous because contributory infringement requires, as a matter of law, more than mere "compatibility" or "adaptability." Moreover, F&G has licensed the patent to various mouse distributors, and the users of such mice have a license to use the mice with any software. This creates a "substantial non-infringing use" for Google Earth as a matter of law. Such a "substantial non-infringing use" precludes F&G's claim for infringement.

On November 22, Google served a formal request under Rule 11 for F&G to dismiss the case along with Google's motion for summary judgment of noninfringement. If F&G does not dismiss its case, Google will file its motion for summary judgment and attorneys' fees on or about December 18, 2006. Briefing will not be complete on the motion until at least January 19, 2007.

Google's summary judgment motion should be considered before the parties engage in mediation. The motion might obviate the need for mediation. At the least, there is no constructive purpose for mediation at this point, when Google believes F&G's claim is frivolous and justifies an award to Google of its attorneys' fees. The current mediation deadline allows time for the motion to be considered and for the parties to thereafter, if necessary, to engage in mediation. Google has confirmed the mediator is available in September 2007.

Dated: November 28, 2006.

Respectfully submitted,

FELDMAN GALE, P.A.
Attorneys for Defendant Google, Inc.
201 South Biscayne Boulevard
19th Floor – Miami Center
Miami, Florida 33131-2148
Tel:    (305) 358-5001
Fax:    (305) 358-3009

By:    s/ Gregory L. Hillyer
       Gregory L. Hillyer
       Florida Bar No. 682489
       Email: ghillyer@feldmangale.com

- AND -

PERKINS COIE LLP
Ramsey M. Al-Salam, *Pro Hac Vice*
Email: ralsalam@perkinscoie.com
Ryan J. McBrayer, *Pro Hac Vice*
Email: rmcbrayer@perkinscoie.com
1201 Third Avenue, 40th Floor
Seattle, Washington 98101
Tel:    (206) 359-8000

CERTIFICATE OF SERVICE

      I hereby certify that on November 28, 2006, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC.  I also certify that the foregoing document is being served this day on Allen D. Brufsky, Esq., Christopher & Weisberg, P.A., 200 East Las Olas Boulevard, Suite 2040, Ft. Lauderdale, Florida  33301, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                              s/ Gregory L. Hillyer