# EXHIBIT 5

**Judith Parrish**

| | |
|---|---|
| **From:** | Jason R. Buratti |
| **Sent:** | Tuesday, December 05, 2006 4:12 PM |
| **To:** | Al-Salam, Ramsey M. (Perkins Coie); Gregory L. Hillyer |
| **Cc:** | ABrufs@aol.com; Allen D. Brufsky; Alan M. Weisberg; Judith Parrish; Claire M. Scott; Jason R. Buratti |
| **Subject:** | F&G v. Google re Correspondence |
| **Attachments:** | 06-1205.Al-Salaam.Hillyer.Attachment.pdf; 16-1205.Al-Salaam.Hillyer.pdf |

Dear Ramsey and Greg:

Please see attached.

Thank you,
Jason

Jason R. Buratti
**Christopher & Weisberg, P.A.**
   An Intellectual Property Boutique
         On the web at www.cwiplaw.com

200 E. Las Olas Blvd., Ste. 2040
Fort Lauderdale, Florida* 33301
954.828.1488
954.828.9122 (fax)

1455 Pennsylvania Ave., N.W., Ste. 100
Washington, D.C.* 20004
202.349.4036
202.349.4099 (fax)

electronic mail:  jburatti@cwiplaw.com

* Admitted to practice law in the District of Columbia and Commonwealth of Virginia; not yet admitted in Florida

CONFIDENTIALITY NOTE: This communication contains **privileged** and **confidential** information intended only for the use of the individual(s) or entity(ies) named above. If the reader of this message is not an intended recipient, please take notice that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, do not read it. Please immediately reply to the sender that you have received this communication in error and then delete it. This communication does not contain securities advice. Thank you.



# CHRISTOPHER & WEISBERG, P.A.
ATTORNEYS AT LAW

December 5, 2006

**By Electronic and U.S. Mail**

Ramsey M. Al-Salaam, Esq.  
Perkins Coie L.L.P.  
1201 Third Avenue, Suite 4800  
Seattle, Washington 98101-3099

Gregory L. Hillyer, Esq.  
Feldman Gale  
Miami Center, 19th Floor  
201 South Biscayne Blvd.  
Miami, Florida 33131-4332

Re:   **F & G Research, Inc v. Google Inc.**  
      Our File No.: 1175-38

Dear Messrs Al-Salaam and Hillyer:

I respond to Mr. Al-Salaam's November 22, 2006 letter enclosing a draft motion for summary judgment to dismiss the case and seeking attorneys fees under 35 U.S.C. § 285 and Fed. R. Civ. P. 11. We are of the view that Google is incorrect that it has not infringed the '229 patent.

Google's Google Earth software utilizes a material part of the patented process claimed in the '229 Patent.

As F&G has repeatedly told Google, including in the enclosed email string from July 2006, F&G has grounds for its claim that Google at least contributorily infringes the method claimed in the '229 patent. The Google Earth software utilizes a material part of the patented method.

F&G has a reasonable expectation that discovery will show that a user of the Google Earth software with any mouse (whether licensed or unlicensed) is a direct infringer of the claimed method and that Google had knowledge of the patent with the intent that it be used with any mouse, giving rise to a 35 USC 271 (b) claim of inducement of infringement. It is admitted that Google knows that its software can be used with unlicensed mice." (Google Br. at 14-15.) It is beyond dispute that the use of a licensed mouse is not necessary to perform the patented method (there are non-licensed mouse products that perform the patented method in connection with the Google Earth program). At the very least this raises an issue of fact which would defeat the motion for summary judgment.

Just because use of the patented and licensed mouse can incidentally perform and interact with the Google Earth method and operate the software is proof that the method as embodied in the software infringes as long as there is some control function in the mouse. Therefore, any

Ramsey M. Al-Salaam, Esq.
Gregory L. Hillyer, Esq.
December 5, 2006
Page 2 of 3

license of that mouse device is irrelevant, (but, in any event, the license will not foreclose a claim of infringement under the statutory provisions of 35 USC § 271).

Second, Google's use of its software presents a damages base for Google's "generally free" distribution if its Google Earth software. Google's argument for a sales requirement is unavailing. Google profits by placing others' advertisements on its web site.

Finally, Google can assert neither an implied license nor *bona fide* purchaser defense to F&G's claim of infringement. *Accord Heidelberg Harris, Inc. v. Loebach*, 145 F.3d. 1454, 1458 (Fed. Cir. 1988). It is no defense to a claim of patent infringement to assert someone else's license.

The *Anton/Bauer* case does not apply here (see Google Br. at 8-9 & ns. 7-8), since the patented method does not require that the patented mouse be used to activate the program and therefore, there is no implied license to use the method even if the mouse and program are marketed separately. As stated, the mouse is not a material part of the claimed invention.

For at least these reasons, Google's Rule 11 position is untenable. In addition, Google admits that "Prior to filing a complaint for [patent] infringement, Rule 11 requires an attorney to (1) apply the claims of each asserted patent to the accused device, and (2) satisfy himself that a proper construction of the claims permits an argument that each element of the claims appears in the accused devices." (Google Br. At 12.) On July 5, 2006, counsel for F&G sent counsel for Google a claim chart showing how direct infringement occurs with the use of a scrolling mouse (one example of an activation device). Google does not take a position on claim construction in its brief, making element (2) of an alleged Rule 11 concern inapposite in this case.

Google has not established that this case is exceptional on the basis that F&G's claim is "clearly hopeless and unquestionably without any possible basis in fact or law" or maintained under circumstances "which the patentee knows, or on reasonable investigation should know, is baseless...." (Google Br. at 13.) As stated above, F&G has good grounds for its claim against Google.

We do not understand your Section 271(d) argument as written and consequently do not consider that you have perfected notice under Rule 11. Please clarify this argument at page 14 of your draft brief. The argument seems to be consistent with Google's characterization of F&G's position that Section 271(d) permits plaintiff to "assert contributory infringement even if it has licensed the alleged direct infringement." And, as stated above, Google cannot assert a *bona fide* purchase defense.

F&G has fully met the requirements of Rule 11 and this case is well-grounded and too new to permit a declaration under Section 285. Should Google go forward under Rule 11, F&G will probably act in kind or at least ask for treble and punitive damages as F&G has made it more than abundantly clear what its position is and how Google infringes.

CHRISTOPHER & WEISBERG, P.A.
Attorneys at Law

Ramsey M. Al-Salaam, Esq.
Gregory L. Hillyer, Esq.
December 5, 2006
Page 3 of 3


As always, please do not hesitate to contact me if you have any questions.

Sincerely,

CHRISTOPHER & WEISBERG, P.A.

By: _____
Jason R. Buratti*

JRB/cms

Enclosures

65784

*Admitted to practice law in the District of Columbia and Commonwealth of Virginia; not yet admitted in Florida.

CHRISTOPHER & WEISBERG, P.A.
Attorneys at Law

**Jason R. Buratti**

| | |
|---|---|
| From: | Alan M. Weisberg |
| Sent: | Thursday, August 10, 2006 10:51 AM |
| To: | Catherine Lacavera |
| Cc: | ABrufs@aol.com |
| Subject: | RE: F & G Research, Inc. v. Google Inc. |

Catherine,

Thank you for the email. In light of your position and emails, I am holding off for the moment in sending you the claim chart. Allen Brufsky, lead attorney on this matter, is out of town and I expect him back in the office early next week. He and I will sit down when he returns and discuss your most recent email and positions as I need to run the entire situation by him before proceeding. However, please do not take my desire to discuss the situation with Allen as an indication that I in any way agree with your positions or are accepting the statements you have made. Of course, if you can not wait, you should proceed with whatever actions you have in mind.

Also, this communication as well as all of our previous communications and materials sent to you are sent solely for the purpose of settlement and are subject to the provisions of Fed. R. Evid. 408.

Alan M. Weisberg, Esq.*
Christopher & Weisberg, P.A.
An Intellectual Property Law Boutique

200 East Las Olas Blvd., Suite 2040, Fort Lauderdale, FL 33301
1455 Pennsylvania Ave. NW, Suite 100, Washington, DC 20004**

Voice: (954) 828-1488    email: <aweisberg@cwiplaw.com>
Fax: (954) 828-9122     website: www.cwiplaw.com

*Licensed to Practice Before The United States Patent and Trademark Office
** Not admitted to practice in Washington, D.C.

This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this email, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please immediately notify the sender above by telephone (collect call if necessary) and delete the email from your system. Thank you.

-----Original Message-----
From: Catherine Lacavera [mailto:clacavera@google.com]

1

Sent: Tuesday, August 08, 2006 6:39 PM
To: Alan M. Weisberg
Cc: ABrufs@aol.com; Judith Parrish
Subject: Re: F & G Research, Inc. v. Google Inc.

Hi Alan,

We're still waiting for the claim chart with your direct infringement allegations. When can we expect them?

I did respond to your request regarding early mediation. We are not interested in early mediation. It is our position that we do not infringe this patent and we are not prepared to pay your client money for a patent we do not infringe. We explained our position to you and you apparently do not agree, although I am having trouble understanding your position on infringement.

With regard to your suggestion that "Google employees and affiliates who are using the Google Earth product would be considered direct infringers. That alone is basis for an injunction." I can only guess that you are arguing that Google employees might directly infringe if they use infringing, as opposed to licensed, mice with Google Earth.
An injunction, which is highly unlikely to issue after the Ebay decision, could only enjoin use of unlicensed mice and there are plenty of licensed alternatives. Plus, since substantially all of the mice on the market are licensed, it is reasonable to assume that substantially all (or all) of the mice used by Google employees are also licensed.

At this point, our plan is to answer and file an early motion for summary judgment for all the reasons I have indicated. We may also consider requesting that the case be declared exceptional, with all of the appropriate remedies that would flow from such a determination.

Please let me know if you would like to discuss this further and we look forwarding to receiving your claim charts.

Catherine


On 7/31/06, Alan M. Weisberg <aweisberg@cwiplaw.com> wrote:
> Dear Catherine,
>
>    This email follows our previous telephone conversations during
> which you set out Google's initial position regarding F&G's patent
> infringement claim. It is our understand that Google believes it can
> not be held liable for contributory or inducement to patent
> infringement for two reasons. First, Google alleges that, because it
> has licensed the '299 Patent, users of licensed mouse products can not

2

> directly infringe any of the claims of the '229 patent. You assert
> that, as a result, there can be no contributory infringement. Second,
> Google alleges that because there are licensed users, there are
> substantial non-infringing uses so there can be no contributory
> infringement even by unlicensed users. We have considered, but do not
> agree with either position.
>
>     With respect to the first item, while F&G's licensees have the
> right to manufacture products covered by the '229 patent, and
> end-users have a right to use the manufactured mouse products, this
> license does not extend to the right to use the mouse to operate
> unlicensed software. In other words, although there are situations
> where a user is licensed to use the hardware, one can not go so far as
> to imply that this right extends to the operation of software that, by its use, practices a
> method claimed in the '299 patent. It is beyond dispute that the use
> of the licensed mouse is not necessary to perform the patented method
> (there are non-licensed mouse products that perform the patented
> method in connection with the Google Earth program). Therefore, any
> license of that mouse device is irrelevant. Just because use of the
> mouse can incidentally or accidentally perform and interact with the
> Google Earth method and operate the software is proof that the method
> as embodied in the software infringes as long as there is some control
> function in the mouse. To conclude otherwise flies in the face of
> both case law and logic because your position will allow any software
> vendor the unimpeded right to offer software that practices a claimed
> method simply because an end-user is licensed to use the underlying
> hardware. Your imputation of rights to Google goes too far because
> this logic denies the patentee of its right to collect a reasonable
> royalty from the infringing third party software developer.
>
>     With respect to Google's second allegation, we believe it is
> missing the point. The analysis regarding whether there are
> substantial non-infringing uses is not applied to the mouse or whether
> a given mouse is licensed, it is applied to the Google Earth ("GE")
> software product standing alone. In that regard, there is little
> doubt that GE is used in conjunction with a mouse. Raising the
> specter of possibility that the GE software can be used in other
> manners, such as without a mouse, is not enough to obtain a finding
> that there are substantial non-infringing uses. As such, we do not
> believe there are any substantial non-infringing uses of the GE software product.
>
>     You may wish to take a look at Met-Coil Systems v. Korners
> Unlimited, 803 F.2d 684 (Fed. Cir. 1986) and Bandag, Inc. v. Al
> Bolser's Tire Stores, Inc., 750 F.2d 903 (Fed. Cir. 1984) and their progeny.

3

> These cases deal with when a license may be implied within the context
> of a contributory infringement claim.  We think you will find that
> facts of the current situation negate the imputation of any license to
> an end user to use the GE software product.
>
>     At this point, F&G is not willing to dismiss the Complaint and is
> content to move down the litigation path as it has done many times.
> However, as I told you when we last spoke, F&G is willing to engage in
> an early mediation in an effort to bring prompt and amicable resolution.
> F&G has no interest in pressing a matter for which is does not believe
> it will prevail.  Toward that end, it believes that having a neutral
> party evaluate the parties' positions and provide an objective
> analysis will help.  If a mediator tells F&G that its position is
> unwinnable, we believe our client would consider folding up the tent.
> Similarly, we would expect that Google would be willing to settle if a
> mediator informs it that F&G's claims are strong.  Regardless, the
> Court in the Southern District of Florida will order mediation as part
> of its initial set of case management orders.
>
>     We have net yet had the opportunity to speak about the specific
> claim elements and how GE users practice the claimed invention.  As an
> additional courtesy to you and to help you better understand F&G's
> position in that regard, we will this week be sending you a more
> detailed claim chart than the one we previously forwarded to you.
>
> Alan M. Weisberg, Esq.*
> Christopher & Weisberg, P.A.
> An Intellectual Property Law Boutique
>
> 200 East Las Olas Blvd., Suite 2040, Fort Lauderdale, FL 33301
> 1455 Pennsylvania Ave. NW, Suite 100, Washington, DC 20004**
>
> Voice: (954) 828-1488    email: <aweisberg@cwiplaw.com>
> Fax: (954) 828-9122     website: www.cwiplaw.com
>
> *Licensed to Practice Before The United States Patent and Trademark
> Office
> ** Not admitted to practice in Washington, D.C.
>
> This email contains PRIVILEGED and CONFIDENTIAL information intended
> only for the use of the addressee(s) named above. If you are not the
> intended recipient of this email, or the employee or agent responsible
> for delivering it to the intended recipient, you are hereby notified
> that any dissemination or copying of this email is strictly prohibited.

4

```
> If you have received this email in error, please immediately notify
> the sender above by telephone (collect call if necessary) and delete
> the email from your system. Thank you.
>
>
```

--
.............................................................

Catherine Lacavera | IP Litigation Counsel | Google
email: clacavera@google.com | tel.: 650.253.1678

PRIVILEGE AND CONFIDENTIALITY NOTICE:
This message may contain privileged and confidential information. If you have received this message in error, please notify the sender by return email and then delete the message. Please do not copy or disclose the contents of this message. Thank you.