UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NO. 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

       Plaintiff,

v.

GOOGLE INC.,

       Defendant.

**GOOGLE INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT AND ATTORNEYS' FEES**

41063-0039/LEGAL12996317.1

Dockets.Justia.com

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ............................................................................................................. 1
II. THE RELEVANT FACTS ARE UNDISPUTED ............................................................ 2
III. THERE IS NO FACTUAL AND/OR LEGAL BASIS FOR F&G'S CLAIMS OF INFRINGEMENT............................................................................................................. 3
    A. The '229 Patent Discloses and Claims a Scrolling Mouse ................................... 3
    B. Summary Judgment Should Be Granted on F&G's Contributory Infringement Claim ............................................................................................... 5
    C. Summary Judgment Should be Granted on the Claim of Inducement.................. 6
    D. F&G Has Not Pled a Claim for Direct Infringement, and Has No Evidence to Support the Claim ............................................................................................ 7
IV. F&G HAS NOT ESTABLISHED THAT IT NEEDS DISCOVERY ............................. 8
V. GOOGLE SHOULD BE AWARDED ITS REASONABLE ATTORNEYS' FEES AND COSTS ........................................................................................................ 9
VI. CONCLUSION................................................................................................................ 10

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Cybor Corp. v. FAS Techs, Inc.*, 138 F.3d 1448 (Fed. Cir. 1998) .................................................. 3

*DSU Medical Corp v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006) .................................................. 6

*Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263
  (Fed. Cir. 2004) ............................................................................................................................ 5

*Eon-Net LP v. Flagstar Bancorp Inc.*, 2006 W.L. 2959280 (W.D.
  Wash. 2006) ................................................................................................................................. 4

*Hackworth v. Progressive Casualty Insurance Co.*, 468 F.3d 722
  (10th Cir. 2006) ............................................................................................................................ 9

*Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770 (Fed. Cir. 1993) ............................................................ 8

*Mercoid v. Mid-Continent Inv. Co.*, 320 U.S. 661 (1944) ............................................................. 9

*Paddington Partners v. Bouchard*, 34 F.3d 1132 (2d Cir. 1994) .................................................. 9

*Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S.
  417, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984) .............................................................................. 5

*Stroco Prod. Inc. v. Mullenbuch*, 67 U.S.P.Q. 168 (S.D. Cal. 1944) ............................................ 9

*Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525 (11th Cir.
  1983) ............................................................................................................................................ 9

**Statutes**

35 U.S.C § 285 ............................................................................................................................. 10

35 U.S.C. § 271(a) .................................................................................................................. 1, 5, 7

35 U.S.C. § 271(b) ..................................................................................................................... 1, 6

35 U.S.C. § 271(c) ..................................................................................................................... 1, 7

35 U.S.C. § 271(d) ................................................................................................................... 9, 10

35 U.S.C. § 271(d)(3) ..................................................................................................................... 9

Pub. L. No. 100-73, 102 Stat. 4674 (H.R. 4972) .......................................................................... 9

**Regulations and Rules**

Fed. R. Civ. P. 56(f) ................................................................................................................... 1, 9

**Other Authorities**

Donald S. Chisum, *Chisum on Patents*, § 17.05 (2005) ................................................................ 9

Donald S. Chisum, *Chisum on Patents*, § 19[1][f] (2005) ............................................................. 9

41063-0039/LEGAL12996317.1

## I.     INTRODUCTION

Defendant Google Inc. ("Google") has moved for summary judgment of non-infringement because: (1) the patent-in-suit ("the '229 patent") is directed at a specific type of scrolling mouse and a method of using such a mouse; (2) Google does not distribute or sell scrolling mice, much less the scrolling mouse claimed in the '229 patent; (3) the only theory of infringement articulated by F&G (prior to its opposition) was based on contributory infringement under 35 U.S.C. § 271(c) because Google distributes software that is *compatible* with the patented mouse; (4) contributory infringement does not exist, as a matter of law, simply because software is compatible with the patented mouse, particularly where it has substantial non-infringing uses, such as being used with non-infringing (e.g., licensed) mice.

Google also seeks its attorneys' fees and costs because F&G and its counsel know, or should know, that infringement does not exist. Indeed, they originally sued Google for selling and distributing scrolling mice but, when they realized that theory was factually baseless, they contrived their contributory infringement theory—another theory that is legally baseless.

In opposition, F&G does not dispute the material facts, including that it has widely licensed the '229 patent to mouse manufacturers, that the users of such mice are licensed to use the mice, that Google Earth works without a mouse, that Google Earth works with non-scrolling mice, and that Google Earth works with non-infringing (e.g., licensed) mice. These facts are, in and of themselves, sufficient for the Court to grant of summary judgment that Google does not contributorily infringe the '229 patent.

F&G apparently recognizes this, and now asserts new arguments that Google is "directly" infringing the patent under § 271(a), and/or is "inducing" infringement under § 271(b). These claims are baseless, and they again reflect a misunderstanding or intentional misstatement of patent law. F&G also claims a need for discovery, but has not come close to meeting the requirements of Fed. R. Civ. P. 56(f).

F&G opposition has not identified any genuine issues of material fact, failed to provide evidentiary support, and misstates patent law. The Court should grant summary judgment and award Google its attorneys' fees and costs.

## II. THE RELEVANT FACTS ARE UNDISPUTED

Despite all of the rants in F&G's opposition, F&G does not dispute the material facts. First, F&G does not dispute that Google is not in the business of selling or distributing scrolling mice, or any other hardware that could allegedly perform the patented functions. Second, F&G admits that it has extensively licensed the '229 patent to scrolling mouse manufacturers, and that the license extends to the users of such scrolling mice.[1] *See* F&G's Agreement with Google's Undisputed Facts, Nos. 6, 8. Indeed, one of its licensees, Logitech, is one of the world's largest mouse manufacturers. *See* F&G's Agreement with Google Undisputed Fact No. 7. Third, F&G does not dispute that Google Earth will work with non-scrolling mice as well as licensed scrolling mice. Fourth, F&G does not dispute that Google has no way of determining if a user of Google Earth is using a mouse, or the type of mouse being used. *See* McClendon Decl., ¶ 9. Finally, F&G has no evidence that Google has ever encouraged or induced anyone to use unlicensed scrolling mice. These facts are, in themselves, a sufficient basis to grant summary judgment.

Although F&G has ostensibly disputed some of Google's proposed undisputed facts, it provided no intelligible basis for disputing them. In fact, the basis for most of F&G's purported dispute with Google's proposed facts is frivolous. Google's Undisputed Fact Nos. 3 and 4, for example, are simply quotes from the patent. Nevertheless, F&G purports to "dispute" the facts based on its own legal contentions. F&G's response is even less convincing for the following material facts:

- Fact No. 9 (F&G is unaware of any action by Google to induce users of its software to use unlicensed scrolling mice) was expressly asserted by Google in its counterclaim, and admitted by F&G in its reply to the counterclaim (Reply, ¶ 2). Nevertheless, F&G now claims to dispute the fact with argument that has nothing to do with the asserted facts.

- Fact No. 11 (F&G's claim is based upon Google's distribution of its Google Earth software) was "disputed" only with attorney argument about tangential issues. F&G does not dispute the core fact that its contentions are based solely on Google's distribution of Google Earth.

---

[1]   F&G argues that while "some users may have an implied license to use the **scrolling** mouse, that license does not inure to use the Google **method as embodied in its software**." Opp. at 12-13 (emphasis in original). This makes no sense. As discussed further below, claim 12 is directed, as reflected in F&G's own claim charts, at the use of a scrolling mouse. The users of licensed mice have a license to use the mice and thus cannot, as a matter of law, be directly infringing claim 12, *no matter what software they use the mouse with*. In any case, F&G has not submitted any evidence that any such licenses carve out the use of the mice with unlicensed software (which makes no sense), or Google Earth software in particular.

- Fact No. 12 (Google Earth can work without a mouse) was "disputed" for the "same reasons as Paragraph 9." F&G's response to Paragraph 9, however, has nothing to do with whether Google Earth software can work without a mouse.
- Fact No. 13 (Google Earth will work with any computer mouse, including those with no scrolling features.) was "disputed for the same reasons as Paragraph 11." Again, the response makes no sense. F&G provided no evidence to support a finding that the Google Earth software does not work with any computer mouse.

Accordingly, although F&G ostensibly disputes these facts, it has provided no intelligible basis for why they should not be deemed admitted. They should thus be treated as undisputed.

### III. THERE IS NO FACTUAL AND/OR LEGAL BASIS FOR F&G'S CLAIMS OF INFRINGEMENT

**A.   The '229 Patent Discloses and Claims a Scrolling Mouse**

F&G's infringement theories are all based on claim 12 of the '229 patent. *See* Opp. at 3. The scope of that claim is purely an issue of law. *See Cybor Corp. v. FAS Techs, Inc.*, 138 F.3d 1448 (Fed. Cir. 1998) (en banc). F&G argues that to "adjudicate patent infringement, the Court must construe the asserted claim" and that because Google "does not seek a claim construction of claim 12, . . . Google's motions should be denied for this reason alone." *See* Opp. at 9-10. F&G is wrong. Google is not trying to avoid construction of claim 12. This motion does not require, however, that claim 12 be construed in its entirety.[2] The only construction necessary for this motion is an acknowledgement that claim 12 is directed at the use of a specific type of computer mouse. This construction is apparent from the language of claim 12 and F&G's own admissions.

The '229 patent makes clear that the mouse is the fundamental aspect of the invention. From the very first sentence of the "Summary of the Invention," the patent describes the inventors' desire for "a new mouse and associated method for improving its control capabilities." '229 patent, col. 3, lns. 25-27. The "Summary of the Invention" goes on, *for two columns*, to describe the mouse in detail. The figure on the first page illustrates the alleged invention as a "mouse system" and "mouse driver." Moreover, claim 12, the only asserted claim, is directed to a method of using the scrolling mouse. Claim 12 is directed, almost in its entirety, to the

---
[2] Even if some more specific construction is necessary, there is no authority, and F&G has cited none, that holds such construction cannot be accomplished in the context of a summary judgment motion.

structure of the mouse.[3]  The mouse must, for example, contain a "means for generating x-y incremental movement information"; a "binary control means for generating binary control commands"; a "supplemental control means for generating a supplemental control signal of variable size and magnitude"; and "communications means for transmitting said movement information and its binary control means to said computer."  Claim 12—like the rest of the '229 patent—is directed at this specific type of scrolling mouse.  The only claim construction necessary for summary judgment is an acknowledgement that the claimed method requires use of a scrolling mouse.

F&G makes much of having provided Google claim charts at the beginning of this litigation.  *See* Opp. at 14 ("F&G sent claim charts, three times."); Exhibit 2.  Those claim charts, however, belie the very arguments that F&G makes in its opposition, and confirm that summary judgment is appropriate.  The claim charts unequivocally reflect that method claim 12 requires, and is fundamentally associated with, use of a specific type of scrolling mouse.[4]

Other aspects of the claim charts also support Rule 11 sanctions.  F&G argues in its opposition that the Google Earth software constitutes the "display means" in claim 12.  In its claim charts, however, F&G identifies the display means as "display monitor [which] includes display areas where the curser may be placed."  *See* Element F.  The ever-shifting nature of F&G's theory indicates a lack of analysis required by Rule 11 and justifies sanctions.  *See Eon-Net LP v. Flagstar Bancorp Inc.*, 2006 W.L. 2959280 (W.D. Wash. 2006) (awarding Rule 11 sanctions against a patent plaintiff).  Moreover, the claim charts are "fill in the blank" documents that could have been served on any one of the many F&G defendants.  *See id*. at *5 (fill-in-the-blank charts do not save the plaintiff from sanctions).  The claim charts are a sufficient basis for the Court to grant summary judgment and award Google its attorneys' fees and costs.

---

[3]  F&G argues that a mouse-like piece of hardware, to the extent equivalent, would also be covered.  Opp. at 3.  The argument is irrelevant for purposes of Google's motion – Google is not in the business of selling or distributing any computer hardware that performs the claimed functionality.

[4]  The first two claim charts are entitled, respectively, "Infringement Analysis Re:  Cordless Optical Mouse" and "Infringement Analysis Re:  The Computer Mouse."  *See* Opp., Exh. 2.  The titles appropriately indicate the central invention of the '229 patent – a scrolling mouse.  The last sheet of the claim charts is entitled "Flow Chart of Exemplary Infringing Operation With Reference To Exemplary Mouse and Claim Charts."  It correlates each method step with an action on a mouse, or the interpretation of those actions by the computer.  These claim charts only highlight the requirement that a scrolling mouse is a necessary part of the method.

B.     **Summary Judgment Should Be Granted on F&G's Contributory Infringement Claim**

According to F&G's "Statement of the Case" in the parties' September 29, 2006 Joint Discovery Plan and Scheduling Report, and its contentions in its Reply to Google's Counterclaim, Google's distribution of Google Earth constitutes contributory infringement of '229 patent. As set forth in Google's motion for summary judgment, there is no contributory infringement, as a matter of law, for various independently sufficient reasons. Most importantly, there are substantial non-infringing uses for Google Earth. If an article has a substantial non-infringing use, the distribution of that article cannot, as a matter of law, constitute contributory infringement. *See, e.g.*, *Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 442, 104 S. Ct. 774, 78 L. Ed. 2d 574 (1984); *Dynacore Holdings Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1277 (Fed. Cir. 2004) (affirming summary judgment that defendant was not liable for contributory infringement "because their products are all capable of substantial non-infringing uses").

The Court need go no further than the facts F&G has already conceded to decide in Google's favor. F&G concedes that it has licensed numerous scrolling mouse manufacturers, including Logitech, the largest mouse manufacturer in the world. F&G further concedes that the users of such mice (e.g., Logitech mice) are licensed to use the mice and to perform the patented methods. The user of a licensed mouse is clearly performing the methods of the patent "with authority," and thus does not directly infringe under 35 U.S.C. § 271(a) (limiting infringement to using an invention "without authority"); *See Carborundum Co. v. Molten Metal Equipment Innovations, Inc.*, 72 F.3d 872, 878 (Fed. Cir. 1995) (the existence of an express or implied license is a defense to patent infringement).[5] Thus, there are substantial non-infringing uses for Google Earth with licensed mice.

There is also undisputed evidence that Google Earth works without a mouse, or with non-scrolling mice not covered by the '229 patent, two further independent substantial non-infringing uses.

F&G has asserted repeatedly that the Google Earth software contributorily infringes because it is "compatible" with a patented mouse. *See* Amended Complaint. In email

---

[5] On page 13 of its opposition, F&G refers to "licensed infringement." The term is an oxymoron - 35 U.S.C § 271(a) expressly defines direct infringement as acts taken "without authority."

documents submitted with its opposition, F&G makes statements such as it is "beyond dispute that the use of a licensed mouse is *not necessary* to perform the patented method (there are *non-licensed mouse products that perform the patented method* in connection with the Google Earth program)." Opp. at 7 (emphasis added). F&G either misunderstands or is intentionally misstating the law—the fact that it is "not necessary" to use a licensed mouse with Google Earth, and a user *could use* a non-licensed mouse, is irrelevant. The issue is whether there are substantial non-infringing uses for Google Earth. Uses with licensed mice, non-scrolling mice and without mice are three independent substantial non-infringing uses, each of which warrants summary judgment of no contributory infringement.

F&G has not presented any evidence to dispute these facts. F&G argues evidence that Google published instructions on how to use its software with a scrolling mouse. See F&G's Exh. 9. Those same instructions, however, expressly teach how to use the software without a mouse or with a non-scrolling mouse. *See* McClendon Decl., ¶¶ 4-5. The fact that the software will work with scrolling mice is irrelevant because many of those scrolling mice are licensed, and because the software also works without mice or with non-scrolling mice. Each of these substantial non-infringing uses independently compels summary judgment of no contributory infringement.

C.   **Summary Judgment Should be Granted on the Claim of Inducement**

Although not referred to in its "Statement of the Case" or in its Reply to Google's Counterclaim, F&G now asserts that Google has induced infringement of the '229 patent pursuant to 35 U.S.C. § 271(b). F&G has presented no evidence, however, to preclude summary judgment of non-infringement on its new inducement allegation. The Federal Circuit recently held, *en banc*, that a finding of inducement requires that the alleged infringer first know of the patent, and second have the *specific intent* to cause infringement. *DSU Medical Corp v. JMS Co.,* 471 F.3d 1293 (Fed. Cir. 2006) (en banc). In *DSU*, the court affirmed that a defendant was not liable for inducing infringement, because, although it knew of the patent, it had a good faith belief that it was not infringing. *Id.* at 19.

In the instant case, F&G's own concessions compel summary judgment. First, F&G has not even alleged that Google received notice or otherwise knew of the patent before the Complaint was filed. Second, Google is incapable of determining what type of mouse its users

are using, so it cannot have the specific intent that users use an infringing mouse. McClendon Decl., ¶ 9. Indeed, F&G conceded that it knows of no action that Google has ever taken to induce users to use non-licensed scrolling mice with Google Earth. Reply to Counterclaim ¶ 2. These concessions preclude F&G's inducement claim.

At best, F&G refers to the fact that instructions for the use of Google Earth explain how to use the software with or without a mouse, and with or without a scrolling mouse. ("If your mouse has either a middle button or a depressible scroll wheel, you . . .") Opp., Exh. 9. These statements cannot support a finding that Google had a specific intent to have users infringe the '229 patent. F&G admits that it has never even informed Google which mice are licensed and which mice are unlicensed. See response to Google Undisputed Fact No. 10. Without knowing which mice were not licensed under the '229 patent, Google could not have the specific intent to induce infringement. The Court should grant summary judgment for F&G's inducement claim too.

**D.   F&G Has Not Pled a Claim for Direct Infringement, and Has No Evidence to Support the Claim**

F&G now alleges "direct infringement" of the '229 patent by Google in its opposition without pleading direct infringement. *See* Opp. at 10. The Amended Complaint asserts that Google is infringing "by distributing within the United States, software compatible with the scrolling mouse of the '229 patent." Amended Complaint ¶ 7. The Amended Complaint goes on to specifically assert contributory infringement and induced infringement. *See id.* ¶¶ 11. *There is no assertion of direct infringement under 271(a) in the Amended Complaint.*[6] Similarly, in its Reply to Google's Counterclaim for Declaratory Judgment of Non-infringement, F&G raises a single basis for asserting infringement – contributory infringement under 35 U.S.C. § 271(c). *See* Reply ¶ 7. Finally, consistent with its pleadings in the case, F&G's "Statement of the Case" in the Joint Discovery Plan and Schedule, unequivocally states that the "Complaint charges Google with contributory infringement under 35 U.S.C. § 271(c)." F&G has not pled direct infringement, and should not be allowed to now conjure a new theory to avoid summary judgment.

---

[6] Its original Complaint asserted that Google directly infringes by distributing and selling "various lines of scrolling wheel computer mice." Since then, F&G's pleadings and Court papers make no assertion of direct infringement by Google.

Summary judgment is appropriate even if its newly-contrived claim of direct infringement is considered. Google's distribution of Google Earth cannot, as a matter of law, constitute direct infringement of a method claim. Method claims are not infringed by the sale or distribution of products. *See, e.g.*, *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 773 (Fed. Cir. 1993) ("The sale of the apparatus . . . was not a direct infringement because a method or process claim is directly infringed only when the process is performed."). Google cannot directly infringe with its distribution of Google Earth.

F&G also contends "that Google's development of its accused software, its employees use of that software, its customers' use of that software all constitutes acts of direct infringement." Opp. at 10. The contention has no merit. First, a "customer's" use of Google with an infringing mouse would not render Google a direct infringer. Google has no control over the specific mice used by its customers. Second, development or use of Google Earth software alone cannot directly infringe claim 12 because the claim recites use of a particular type of mouse. Thus, claim 12 cannot be directly infringed without the use of an unlicensed computer scrolling mouse to perform the patented method. F&G has not cited any evidence that any Google employee is using an unlicensed scrolling mouse, which would be unlikely given that F&G already licensed a substantial portion of the scrolling mice market and there are also non-scrolling mice on the market. Even if a Google employee were using an unlicensed scrolling mouse, plaintiff would still have to show that that same employee used that mouse with Google Earth to carry out the patented method. Plaintiff has not even alleged that this occurred, much less raised an issue of fact. The "blog" F&G cites, for example, does not, in any place, mention whether the scrolling mice are licensed or not. *See* F&G Exhibit 10. Accordingly, to the extent the Court even considers this un-pled theory, the Court should grant summary judgment.

### IV.   F&G HAS NOT ESTABLISHED THAT IT NEEDS DISCOVERY

F & G also argues that it is entitled to discovery on the issues raised by this motion. Discovery cannot, however, change the material facts supporting this motion, including that Google has never been in the business of selling or distributing scrolling mice, Google Earth has substantial non-infringing uses, and Google has never had the specific intent to induce someone to use Google Earth with an infringing (non-licensed) mouse. These facts are undisputed and immutable.

Further, F&G has not come close to meeting the standards necessary to establish a right to discovery under Fed. R. Civ. P. 56(f). Rule 56(f) expressly requires that a party seeking discovery in opposition to a summary judgment motion submit an affidavit. Arguments in an opposition are not a substitute for the affidavit required under Rule 56(f). *Wallace v. Brownell Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (the affidavit requirement is not satisfied by vague assertions in a motion that additional discovery will produce needed, but unspecified, facts); *see also Hackworth v. Progressive Casualty Insurance Co.*, 468 F.3d 722, 732 (10th Cir. 2006) (statements in a responsive brief are insufficient to invoke Rule 56(f) and result in waiver); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) ("The failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."). F&G has not complied with Rule 56(f), and thus is not entitled to discovery.

### V. GOOGLE SHOULD BE AWARDED ITS REASONABLE ATTORNEYS' FEES AND COSTS

F&G has asserted a series of factually and legally baseless theories. F&G first asserted in the Complaint that Google was selling scrolling mice and only continued thereafter to run farther afoul of Rule 11. *See* Google Opening Memorandum at 13-16 (a listing of misstatements of fact and law made by F&G in connection with this case). Now, F&G's opposition is equally littered with frivolous assertions. F&G continues to assert, for example, that U.S.C. § 271(d) provides a defense, although it has not cited any case authority for the proposition, and the case authority that Google has cited make clear that the section relates solely to patent *misuse*. *See* Google opening memorandum at 14. Indeed, the enabling statute was entitled the "Patent Misuse Reform Act of 1988." *See* Pub. L. No. 100-73, 102 Stat. 4674 (H.R. 4972); *see also* Donald S. Chisum, *Chisum on Patents*, § 19[1][f] (2005) (discussing passage of § 271(d)); § 17.05 at 17-119 ("Section 271(d) exempts from the misuse doctrine certain activities by a patent owner.").[7]

---

[7] The specific section relied upon by F&G (§ 271(d)(3)), was passed to overrule "the lower court decision in *Stroco Prod. Inc. v. Mullenbuch* 67 U.S.P.Q. 168 (S.D. Cal. 1944) which held that the mere act of filing suit for contributory infringement against the seller of a non-staple component constituted misuse under the *Mercoid* doctrine as an attempt to monopolize the market for that component." *Chisum, supra*, at 17.05 [3] at 17-125. *see also Aro Mfg. Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 349 n.4, 81 S. Ct. 599, 5 L. #d 2d 592 (1961) ("[35 U.S.C. § 271(d)] was designed specifically to prevent the *Mercoid* [*v. Mid-Continent Inv. Co.*, 320 U.S. 661 (1944)] case from being interpreted to mean that any effort to enforce a patent as a contributory infringement in itself constitutes forfeiture of patent rights. . . .").

F&G's continued assertion of § 271(d) as a defense is, at best, reckless, and at worst, is an intentional attempt to mislead the Court as to the law.

In sum, F&G should have never filed the original Complaint. When it realized that it had made a mistake, F&G should have dismissed the case. Instead, it filed an Amended Complaint with contrived and legally baseless theories of infringement. Since then, it has made a series of unsupported claims, including in fill-in-the-blank claim charts. Now in its opposition, F&G disputes facts without any basis, argues a theory that it did not plead, and asserts facts for which it has no support. Litigation, and patent litigation in particular, is renowned for its expense. Without appropriate checks and sanctions on frivolous patent claims, patent plaintiffs could use the high costs of patent litigation to exact settlements that are not warranted by the merits of the case. F&G's claims here are entirely frivolous and warrant sanctions. Attorneys' fees are warranted under either Rule 11 and/or 35 U.S.C § 285.

## VI. CONCLUSION

For the reasons set forth in Google's opening memorandum and above, the Court should grant summary judgment dismissing F&G's claims, and grant Google its attorneys' fees and costs.

Dated: January 31, 2007   **FELDMAN GALE P.A.**

By:   /s/ Gregory L. Hillyer
    Gregory L. Hillyer, Esq. (FBN 682489)
    GHillyer@FeldmanGale.com
    Miami Center, 19th Floor
    201 South Biscayne Blvd.
    Miami, FL 33131-4332
    Telephone: 305-358-5001
    Fax: 305-358-3309

Of Counsel:
    Ramsey M. Al-Salam WA Bar No. 18822
    Ryan McBrayer, WA Bar No. 28338
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4800
    Seattle, WA 98101-3099
    Telephone: 206.359.8000
    Facsimile: 206.359.9000

Attorneys for Defendant Google Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC. I also certify that the document listed above is being served this day on Allen D. Brufsky, Esq., Christopher & Weisberg, P.A., 200 East Las Olas Boulevard, Suite 2040, Ft. Lauderdale, Florida 33301, via transmission of Notices of Electronic Filing generated by CM/ECF.

_____/s/ Gregory L. Hillyer_____