# EXHIBIT B

| | |
|---|---|
| Subj: | **F&G/Google** |
| Date: | 5/25/2007 2:10:53 P.M. Eastern Daylight Time |
| From: | ABrufs |
| To: | RAlsalam@perkinscoie.com |
| CC: | gilligan_sa@yahoo.com, japarr33@comcast.net |

Dear Ramsey:

After conference with our client and hearing Mr. Flinn it became adundantly clear that he and we had no idea, only assumptions, as to how the GE software operates, and whether it contained any of the operative limitations in claim 12 found to be necessary by Mr. Flinn. We must therefore insist on taking the deposition of Mr. McClendon at his and/or your convenience **before** you file any motion for summary judgment or your claim construction brief.

Please advise as to availability and your agreement to go forward with this matter, as indicated.

Allen

/s/ allen d. brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, Florida 34102
Tel:239-963-9641
Fax:239-263-3441
Email:abrufs@aol.com

See what's free at AOL.com.

Subj: **Fwd: F&G/Google**
Date: 5/30/2007 9:17:18 A.M. Eastern Daylight Time
From: ABrufs
To: RAlsalam@perkinscoie.com

Ramsey:

I need your reply to the enclosed e-mail so we may take action accordingly.

/s/Allen D. Brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, FL 34102
Tel:(239)963-9641
Fax:(239)263-3441
E-Mail :abrufs@aol.com;
allen@abpalaw.com

See what's free at AOL.com.

Forwarded Message:
Subj: **F&G/Google**
Date: 5/27/2007 1:01:40 P.M. Eastern Daylight Time
From: ABrufs
To: RAlsalam@perkinscoie.com

Ramsey:

I do not want to enter into a debate on the law nor review the Court's findings. There is plenty of time for that.

I do however, want to tell you that our client is reviewing whether to withdraw its direct infringement claim in light of Mr. Flinn's conclusions based on his assumptions and understanding of the operation of the method and towards that end, in order to make an informed judgment, our client needs to understand fully the operation of the GE software. Who better than the software designer to explain its operation. The added cost of taking this deposition in the overall scheme of things is nil.

If you recall, I posed the following question to Mr. Flinn:"If the claim doesn't necessarily require a **scrolling mouse** with a cursor would there be infringement? The answer, as recorded was:If the software includes means for interaction between the mouse cursor or other operative hardware device such as a trackball, etc (operated by the user) then there could possibly be an infringement. In our view, then, the software would be incapable of substantial non-infringing uses or its use would be a direct infringement under the law as the preamble in the claim could be completely discounted as not providing any viable structural limitations which would require that the control signal be generated by any means in the mouse, (or its equivalent trackball, keyboard, etc.)but by an equivalent in the software.

If you continue to oppose the deposition, we will file a motion to compel. Please advise your position on the deposition and this can be considered our local rule requirement that we have conferred in order to attempt to resolve this issue of the deposition of Mr. McClendon.

/s/ allen d. brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, Florida 34102

Friday, June 01, 2007 America Online: ABrufs

Subj: **RE: F&G/Google**
Date: 5/30/2007 10:23:08 A.M. Eastern Daylight Time
From: RAlsalam@perkinscoie.com
To: ABrufs@aol.com

Allen:

Sorry, I was waiting to hear back from Google. At this point, they are not inclined to voluntarily produce a witness because they do not understand how the operation of Google Earth (which is self-evident anyway) can be relevant to direct infringement. Per my last email, we understand that Mr. Flinn's analysis, like our own, is that the claim requires some hardware, and therefore direct infringement is impossible by Google Earth alone. We would be happy to get this clarified with Mr. Flinn if you like.

Thanks,


Ramsey M. Al-Salam

Perkins Coie LLP
1201 Third Ave. Ste. 4800
Seattle, WA 98101


Direct Dial: 206.359.6385
Direct Fax: 206.359.7385



**From:** ABrufs@aol.com [mailto:ABrufs@aol.com]
**Sent:** Wednesday, May 30, 2007 6:17 AM
**To:** Al-Salam, Ramsey M. (Perkins Coie)
**Subject:** Fwd: F&G/Google

Ramsey:

I need your reply to the enclosed e-mail so we may take action accordingly.

/s/Allen D. Brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, FL 34102
Tel:(239)963-9641
Fax:(239)263-3441
E-Mail: abrufs@aol.com;
allen@abpalaw.com




See what's free at AOL.com.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.


Wednesday, May 30, 2007 America Online: ABrufs

Subj: **Re: F&G/Google**
Date: 5/30/2007 12:10:57 P.M. Eastern Daylight Time
From: ABrufs
To: RAlsalam@perkinscoie.com

Ramsey:

I thought I had outlined our position in my previous e-mail.

Let me reiterate in a different way:

I have done some additional legal research and am more convinced than ever of our position. Let it be stated that if the software is **reasonably calculated** to perform the method, (even if it can be used in a non-infringing manner, e.g., by our licensee's customers or users) then the manufacturer of the software is either a direct infringer or is guilty of inducing infringement of the **user, depending on the limitations in the method claims.** In the latter instance all we need show is knowledge of the patent by Google and their intent to continue to sell to an infringing user of the method after notice. **(Once the claim construction issue id determined, this issue will be ripe for appeal).** In the former, all we need prove is that the software incorporates the equivalent of the means to generate the control signal. **This is why the deposition is relevant.**

**The point that everyone including the Court is overlooking is that infringement of the method is not premised on the user operating a computer having a *scrolling* mouse, but a mouse having a cursor or a trackball or a keyboard or an equivalent structure or "virtual means"** *in the software* **to generate the control signal to perform the method steps.**

Mr. Flinn stated that if the software performed this function of generating the control signal or a non-scrolling mouse could be used by the user to do so, there could be an infringement. Because the software or method can be performed without a scrolling mouse not required by the claims, there can be inducement. It is clear that Altonaga in her opinion never grasped this concept.

I have gone to great lengths to explain our theory of infringement. It is clear that these theories cannot be tested without having a claim interpretation by the Court and an appeal on the misapplication of the law to date.

Please reconsider your refusal in light of the above and let me have your final decision on our request. I reiterate that we are considering withdrawing the direct infringement claim, but would do so only after being satisfied that the sale and use of the software does not incorporate "virtual means " to aid in generating the control signal. I need to now your position today or will file the motion to compel on the above basis.

allen

/s/ allen d. brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, Florida 34102
Tel:239-963-9641
Fax:239-263-3441
Email:abrufs@aol.com

See what's free at AOL.com.

Wednesday, May 30, 2007 America Online: ABrufs

See what's free at AOL.com.

**Attached Message**

From: "Al-Salam, Ramsey M. (Perkins Coie)" <RAlsalam@perkinscoie.com> [ Save Address ]
To: <ABrufs@aol.com>
Subject: RE: F&G/Google
Date: Fri, 01 Jun 2007 12:39:59 -0400

Allen:

Google has not changed its position. Thanks.


Ramsey M. Al-Salam

Perkins Coie LLP
1201 Third Ave. Ste. 4800
Seattle, WA 98101

Direct Dial: 206.359.6385
Direct Fax: 206.359.7385



**From:** ABrufs@aol.com [mailto:ABrufs@aol.com]
**Sent:** Thursday, May 31, 2007 11:18 AM
**To:** Al-Salam, Ramsey M. (Perkins Coie)
**Subject:** Fwd: F&G/Google



/s/Allen D. Brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, FL 34102
Tel:(239)963-9641
Fax:(239)263-3441
E-Mail :abrufs@aol.com;
allen@abpalaw.com



See what's free at AOL.com.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.