UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

         Plaintiff,

vs.

GOOGLE INC.,

         Defendant.

## DECLARATION OF RAMSEY M. AL-SALAM IN SUPPORT OF GOOGLE'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON ISSUE OF DIRECT INFRINGEMENT

I, RAMSEY M. AL-SALAM, hereby declare as follows:

1. I am a partner with Perkins Coie LLP, counsel for defendant Google Inc. in the above-identified action. I make this declaration based on my personal knowledge unless otherwise indicated.

2. At the hearing of Google's original motion for summary judgment and for sanctions, the Court indicated that it was "strongly inclined to grant the motion in its totality." Hearing Transcript at 71-72 (Exh. 1 attached hereto). The Court gave the parties time, however, to see if they could resolve it themselves. Although Google attempted to resolve the case through direct discussions with plaintiff's counsel, it was unsuccessful.

3. In its summary judgment order, the Court deferred ruling on the issue of sanctions. Hearing Order at 19. Following the Order, I had various communications with Allen Brufsky, counsel for plaintiff, in an attempt to resolve the direct infringement claim without having to seek further relief from the Court. I made clear to him that, if the parties could not resolve the issue, Google would move for reconsideration of the summary judgment order and/or move for summary judgment on the issue of direct infringement.

4. After the Order, Mr. Brufsky demanded a deposition from Google. I noted that there was no constructive purpose for a deposition in light of the Court's order, and the principles concerning direct infringement. Mr. Brufsky insisted on the depositions, indicating that he and his client "firmly believe[] that the google [sic] software contains all the method steps of claim 12 and its sale or offer to use [sic] is a direct infringement of a properly construed claim 12." *See* email attached as Exhibit 2.

5. The parties eventually agreed to submit the dispute to a neutral patent attorney to evaluate the likelihood that F&G could prevail on its claim of direct infringement. *See* Exhibits 3 and 4 attached hereto. The parties retained Patrick Flinn of Alston & Bird in Atlanta to perform the neutral evaluation. Both parties submitted briefing to Mr. Flinn and participated in conference calls to discuss the issues.

6. On May 17, 2007, Mr. Flinn provided the parties with his conclusion. He concluded that F&G was unlikely to prevail on its claim of direct infringement and that there was no further information or discovery necessary for him to reach that conclusion.

7. Following the conference call, we again requested that plaintiff drop its claims. Mr. Brufsky refused to do so and reiterated his insistence on taking depositions for the purposes of claim construction. He has also moved to compel the production of such witnesses and for sanctions on the issue.

8. Because we could not resolve the issue, Google has filed this motion. As of today's date, Google has incurred approximately $125,000 in attorneys' fees and costs in connection with this case, including expenses related to researching the patent and file history, communications with plaintiff and its counsel, the filing of papers and pleadings, the filing and argument of the summary judgment motion, and activities associated with the neutral evaluation process. We would be happy to provide further detail of these fees and costs if it would assist the Court.

I declare under penalty of perjury the foregoing is true and correct.

Dated this 7th day of June, 2007.

_____
Ramsey M. Al-Salam

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case 06-60906-CIV-ALTONAGA

F&G RESEARCH, INC.,

    Plaintiff,

                    MIAMI, FLORIDA

vs.

                    FEBRUARY 22, 2007

GOOGLE, INC.,

    Defendant.

TRANSCRIPT OF ORAL ARGUMENT
BEFORE THE CECILIA M. ALTONAGA,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:

        ALLEN DAVID BRUFSKY, ESQ.
        475 Galleon Drive
        Naples, FL 34102 - 239.963.9641

        JASON BURATTI, ESQ.
        ALAN M. WEISBERG, ESQ.
        Christopher & Weisberg
        200 E. Las Olas Boulevard, Ste. 2040
        Fort Lauderdale, FL 33301
        954.828.1488

REPORTED BY:

        BARBARA MEDINA
        Official United States Court Reporter
        Federal Courthouse Square, Ste. 404
        301 North Miami Avenue
        Miami, FL  33128-7792    305.523.5518
                              (Fax) 305.523.5519
        Email:  barbmedina@aol.com

EXHIBIT 1

Page 71

| Time | # | Text |
|---|---|---|
| 11:15:55 | 1 | could have relied not to take any discovery. |
| 11:15:57 | 2 | We served our motion on November 22nd. We never once |
| 11:16:01 | 3 | suggested that we were going to withdraw it. In fact, we |
| 11:16:04 | 4 | wanted to get this issue resolved as soon as possible and |
| 11:16:06 | 5 | before either party had to spend more money on claim |
| 11:16:09 | 6 | construction or anything else because, frankly, we think the |
| 11:16:12 | 7 | whole case is a waste of everybody's time and everybody's |
| 11:16:17 | 8 | money, and that's one of the reasons we're seeking our fees and |
| 11:16:20 | 9 | costs. |
| 11:16:22 | 10 | I think that's all I need to address, Your Honor, |
| 11:16:25 | 11 | unless the Court has any further questions. |
| 11:16:26 | 12 | I appreciate the Court's time and attention. |
| 11:16:28 | 13 | THE COURT: I don't know if Mr. Buratti has anything |
| 11:16:30 | 14 | else he wanted to add. |
| 11:16:32 | 15 | MR. BURATTI: No, I have nothing else, Your Honor. |
| 11:16:35 | 16 | THE COURT: I certainly won't be ruling today. |
| 11:16:38 | 17 | I would like the parties to advise me, -- and I will |
| 11:16:40 | 18 | give you a deadline, a reasonable time frame, next Friday. |
| 11:16:47 | 19 | I'll give you a full working week to let me know if I still |
| 11:16:52 | 20 | need to issue my written decision on this motion, and I say |
| 11:16:58 | 21 | that because not having rolled up my sleeves and sat down with |
| 11:17:03 | 22 | my computer and my mouse to put together the opinion, <u>I am</u> |
| 11:17:08 | 23 | <u>strongly inclined to grant the motion in its totality,</u> and |
| 11:17:12 | 24 | before I do that, I will give you both the opportunity to let |
| 11:17:20 | 25 | me know by next Friday if this is still an issue for the |

February 22, 2007

f1007460-146a-11dc-9f85-e0378b11b067

Page 72

| Time | Line | Text |
|---|---|---|
| 11:17:25 | 1 | Court's resolution or if you have been able to reach agreement. |
| 11:17:30 | 2 | <u>I don't grant rule 11 sanctions lightly.  In fact, I</u> |
| 11:17:33 | 3 | <u>hardly ever do that, but this is one case where I'm very</u> |
| 11:17:37 | 4 | <u>tempted to do so.</u> |
| 11:17:37 | 5 | As I say, I'm not issuing my ruling.  I may change my |
| 11:17:42 | 6 | mind as I sit down and grapple with the writing of the opinion, |
| 11:17:48 | 7 | but if you don't want to see that opinion, you can let me know |
| 11:17:51 | 8 | by next Friday and I would just ask for a status report from |
| 11:17:54 | 9 | the parties that, yes, you do desire the Court to issue its |
| 11:17:58 | 10 | ruling on the summary judgment-rule 11 motion before I sit down |
| 11:18:03 | 11 | and start putting it together. |
| 11:18:04 | 12 | Is there anything additional? |
| 11:18:07 | 13 | MR. AL-SALAM:  Nothing from our side, Your Honor. |
| 11:18:09 | 14 | MR. BRUFSKY:  No. |
| 11:18:10 | 15 | THE COURT:  I thank you all for fine argument. |
| 11:18:12 | 16 | Again, Mr. Buratti, I'm sorry if I bombarded you with |
| 11:18:17 | 17 | many questions. |
| 11:18:17 | 18 | You all have a day. |
|  | 19 | MR. AL-SALAM:  Thank you, Your Honor. |
|  | 20 | MR. BURATTI:  Thank you. |
|  | 21 |  |
|  | 22 |  |
|  | 23 |  |
|  | 24 |  |
|  | 25 |  |

February 22, 2007

### Al-Salam, Ramsey M. (Perkins Coie)

**From:** ABrufs@aol.com
**Sent:** Monday, April 02, 2007 8:11 AM
**To:** Al-Salam, Ramsey M. (Perkins Coie)
**Subject:** Re: F&G/Google

no

please check on availabilty asap.This is not a fishing expedition.Our client firmly believes that the google software contains all the method steps of claim 12 and its sale or offer to use is a direct infringement of a properly construed claim 12.We agree.

/s/Allen D. Brufsky
Allen D. Brufsky PA
475 Galleon Dr
Naples, FL 34102
Tel:239-963-9641
Fax:239-263-3441
E-mail:abrufs@aol.com

---

See what's free at AOL.com.

**EXHIBIT 2**

6/5/2007

### Al-Salam, Ramsey M. (Perkins Coie)

**From:** ABrufs@aol.com
**Sent:** Wednesday, April 04, 2007 2:56 PM
**To:** Al-Salam, Ramsey M. (Perkins Coie)
**Subject:** Re: F&G/Google

Ramsey:

Here is what I am willing to do.

We can put off everything--we will apply to an acceptable mediator for an ene of the claim construction and our direct infringement claim based on the analysis adopted by the mediator. This of course will be non-binding but for informational purposes only. The mediator can be anywhere, as long as competent in patent law. This will save time, expense and formulate our positions. If the ene is not acceptable to either of us, then we can go to Court and you can do what you want. However, I will ultimately need Mr. Mc Clendon to testify as to what the GE program entails. We can put the deposition off pending the ene on claim interpretation and then take the deposition if necessary..

I will be available to discuss this further if you wish tomorrow between 4 and 5.


Allen

/s/ allen d. brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, Florida 34102
Tel:239-963-9641
Fax:239-263-3441
Email:abrufs@aol.com

---

See what's free at AOL.com.

**EXHIBIT 3**

6/5/2007

## Al-Salam, Ramsey M.   (Perkins Coie)

| | |
|---|---|
| **From:** | Al-Salam, Ramsey M.   (Perkins Coie) |
| **Sent:** | Friday, April 06, 2007 12:31 PM |
| **To:** | 'Allen D. Brufsky' |
| **Cc:** | Gregory L. Hillyer; McBrayer, Ryan J.  (Perkins Coie) |
| **Subject:** | Mediation/evaluation |

Allen:

To confirm our discussion, Google agrees to your proposal of an expedited mediation/neutral evaluation, directed to the scope of claim 12, in the hope that this will lead to resolution of the case.  In the interim, we have agreed to postpone discovery and any claim construction activities.  To that end, we will propose to the Court a claim construction schedule that will allow us to first accomplish the mediation/evaluation.  I will send you a proposed submission today.  Thanks and please tell me if this does not conform with your understanding of our agreement.

Ramsey M. Al-Salam

Perkins Coie LLP
1201 Third Ave. Ste. 4800
Seattle, WA 98101

Direct Dial: 206.359.6385
Direct Fax: 206.359.7385

**EXHIBIT 4**