UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

06-60905-CIV-ALTONAGA/Turnoff

F&G RESEARCH, INC.,

            Plaintiff,

vs.

GOOGLE INC.,

            Defendant.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL
DISCOVERY AND FOR SANCTIONS, AND CROSS-MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF SUMMARY JUDGMENT MOTION**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION .................................................................................................................. 1

II. PERTINENT FACTS ............................................................................................................. 1

    A. The Patent-in-Suit Relates to a Scrolling Mouse ...................................................... 1

    B. Plaintiff Originally Sued Google for Selling and Distributing Scrolling Mice ........................................................................................... 3

    C. The Court Granted Summary Judgment Dismissing Plaintiff's Claims of Indirect Infringement and Indicated Sanctions Were Appropriate ....................................................................................... 4

    D. Google Has Moved to Dismiss F&G's Direct Infringement Claim and Seeks Sanctions ........................................................................................ 5

III. THE COURT SHOULD DENY PLAINTIFF'S MOTION AND SUSPEND DISCOVERY PENDING RESOLUTION OF GOOGLE'S MOTION ............................................................................................................. 5

IV. CONCLUSION....................................................................................................................... 7

## I. INTRODUCTION

Plaintiff ("F&G") has moved for an order requiring Google to produce for deposition "its marketing director" and Brian McClendon, one of its engineers. F&G claims that the depositions are necessary because a "detailed explanation of the Google Software and its virtual operation is required" to "brief the claim construction [issues] relating to direct infringement and active inducement of infringement of claim 12 of the patent-in-issue." Motion at 2. The Motion should be denied and, if any sanctions are awarded, they should be awarded to Google. In addition, the Court should issue an order staying all discovery pending resolution of Google's motion for summary judgment on the issue of direct infringement (the only remaining issue in the case). As discussed below, there is no reason for *any* discovery to proceed until the Court considers this last remaining claim.

## II. PERTINENT FACTS

### A. The Patent-in-Suit Relates to a Scrolling Mouse

This case should never have been filed and plaintiff's continued pursuit of the case is sanctionable. This is a patent infringement case relating to a specific type of scrolling computer mouse. The patent-in-suit—'229 patent (Exhibit 1 attached hereto)—is entitled "Mouse and Method for Concurrent Cursor Position and Scrolling Control," and is directed to a special type of computer mouse, with a "supplementary control" for "scrolling." The Abstract of the Patent, which is intended to provide notice to the public of the subject matter of the patent,[1] reads as follows:

> In a manual input device for controlling a cursor on a computer
> display (*e.g.*, a mouse) a supplementary proportional control
> device including a spring-loaded lever displaceable from the
> equilibrium position in either of two directions and protruding out

---

[1] 37 C.F.R. § 1.72 provides that the "purpose of the abstract is to enable the United States Patent Trademark Office and the public generally to determine quickly from a cursory inspection the nature and gist of the technical disclosure."

>of the mouse housing is provided for concurrently controlling the scrolling operation. The supplementary control signal is generated in response to operation of a lever designed to be driven by the thumb of the same hand which holds the mouse. The control signal varies according to the displacement amount of the lever from its equilibrium position and the displacement direction and thus is used as a scrolling rate and direction control. An associated method is provided for setting the scroll and direction in correspondence to the dominant axis of the cursor's trail. Detecting an approximately circulator movement of the cursor sets the scrolling axis perpendicular to the screen plane (*i.e.*, in a third dimension).

The remainder of the patent confirms that it relates to a computer mouse. The first five drawings (Figures 1A, 1B, 1C, 2, and 3) illustrate the physical mouse. The remaining drawings show the electrical or algorithmic functionality of the mouse. *See* Exh. A, Figure 6 ("Mouse Driver Computer System"). The description of the alleged invention in the patent specifically states that it relates to a special type of computer mouse:

>The present invention relates to computer input devices which a transducer converts translational motion of a housing into a positional signal for controlling movement of a cursor associated with a visual display . . . .
>
>A mouse, as it has become to be known in the lexicography of the prior art, is a widespread computer input device. . . ."

'229 Patent, col. 1, lns. 6-15.[2]

The "Summary of the Invention" explains that it is directed to a "scrolling mouse":

>It is an object of the present invention to extend these limits with a new mouse and associated method for improving its control capabilities while maintaining the ease of use and intuitive operation which has made it so popular.
>
>It is also the object of the present invention to provide an improved mouse designed to take advantage of available skills in contemporary users . . . .
>
>It is a basic object of the present invention to provide a mouse which not only enables the user to drive the cursor over a screen of

---

[2] Citations to the '229 patent are based on the column and line number.

-2-

> a display means, but also to smoothly scroll the displayed
> information. . . .

'229 Patent, col. 30, lns. 25-40.

The patent ends with 17 patent "claims" that are intended to "particularly point out" the invention. 35 U.S.C. § 112. The first 11 claims begin with the word "mouse." F&G has not asserted that Google has infringed any of those claims. Instead, F&G asserts that Google has infringed method claim 12. That requires, among other things, the following:

> Method of operating a computer in an interactive manner by a user,
> said computer including a display means and a mouse connect[ed]
> to said computer, said mouse comprising . . . .

**B.     Plaintiff Originally Sued Google for Selling and Distributing Scrolling Mice**

The Complaint in this action alleges that Google infringes the '229 patent by "distributing and selling within the United States and/or importing into the United States for sale its various line of scrolling wheel computer mice." Complaint ¶ 7. These allegations are factually baseless – Google has never been in the business of selling or importing *any* computer mice, much less the specific scrolling mice claimed by the '229 patent.

When plaintiff was informed of these facts, it and its counsel should have immediately withdrawn the Complaint. Instead, they amended the Complaint to assert the contrived theory that Google is liable for "willful and deliberately infringing the '229 patent by distributing within the United States, software *compatible* with the scrolling mouse of the '229 patent." Amended Compl. ¶ 7 (emphasis added).

In its Joint Discovery Plan Schedule and its Reply to Google's Counterclaim, F&G specifically articulated only one theory of infringement—that Google had "contributorily" infringed the patent by distributing Google Earth software, which is "compatible" with a scrolling mouse. *See* Docket Nos. 23, 26. This claim is legally frivolous. Compatibility is not

-3-

the test for contributory infringement under 35 U.S.C. § 271(c). If a product has a "substantial non-infringing use," there can be no contributory infringement.

### C. The Court Granted Summary Judgment Dismissing Plaintiff's Claims of Indirect Infringement and Indicated Sanctions Were Appropriate

After Google was unable to convince F&G to abandon its claims voluntarily, Google moved for summary judgment and for an award of sanctions. The Court heard the motion on February 22, 2007 (transcript attached hereto as Exhibit 2). After listening to the argument, the Court indicated it was "strongly inclined to grant the motion in its totality." Exh. 2 at 71. The Court noted that, although it "does not grant Rule 11 sanctions lightly," this was "one case where [it was] very tempted to do so." *Id.* at 72. Nevertheless, the Court gave the parties an opportunity to resolve the issues directly before issuing an order. *Id.*

Although Google negotiated with plaintiff's counsel, Mr. Brufsky, he would not withdraw the claim. Accordingly, the Court issued its summary judgment order on March 7, 2007. *See* Exhibit 3 attached hereto.

In its summary judgment order, the Court granted summary judgment on the only claims that plaintiff ever specifically articulated in the Amended Complaint—its claims for contributory and inducement of infringement. The Court noted, however, that F&G, in its opposition, asserted a claim for "direct infringement," a claim that was not addressed by Google until its reply memorandum. *See* Order at 2 n.1. Because the Court found that it was improper to raise new arguments in a reply memorandum, it did not dismiss the Amended Complaint in its entirety. For that reason, the Court reserved a determination on the issue of sanctions "until the conclusion of the case, given that F&G's direct infringement claim remains." Order at 19.

### D. Google Has Moved to Dismiss F&G's Direct Infringement Claim and Seeks Sanctions

Following the summary judgment order, Google again attempted to resolve the issue in direct discussions with plaintiff's counsel, Mr. Brufsky. At Mr. Brufsky's suggestion, the parties submitted the question of whether F&G was likely to prevail on its claim of direct infringement to a neutral patent attorney for evaluation. The neutral evaluator, Patrick Flinn of the Alston & Bird firm in Atlanta, confirmed Google's position—that F&G cannot prevail on its claim of direct infringement. He also indicated that there was no further discovery or information that could affect his conclusion.

Nevertheless, F&G and its counsel *still* refuse to dismiss the lawsuit. Instead, plaintiff and Mr. Brufsky now demands depositions from Google, as reflected in the pending motion.

Because plaintiff and its counsel will not voluntarily withdraw their frivolous claims, Google has moved for reconsideration and dismissal of the Amended Complaint in its entirety. A copy of that motion is attached hereto as Exhibit 4. As reflected in those papers, there is no basis, as a matter of law, for plaintiff's claims of direct infringement. Among other things, the sale or distribution of software cannot, as a matter of law, constitute direct infringement of a method claim. *See Joy Tech., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993) ("A method claim is directly infringed only by one practicing the patented method.").

In addition to seeking dismissal of the Amended Complaint, Google has renewed its request for attorneys' fees and costs.

### III. THE COURT SHOULD DENY PLAINTIFF'S MOTION AND SUSPEND DISCOVERY PENDING RESOLUTION OF GOOGLE'S MOTION

In light of the facts above, the Court should deny plaintiff's motion to compel and should suspend all discovery pending resolution of Google's pending motion. There is, at the least, a significant likelihood that the Court will dismiss the direct infringement claim (and possibly

-5-

award attorneys' fees and costs pursuant to Rule 11 and/or 35 U.S.C. § 285). Under these circumstances, any issue of discovery should be considered in the context of Google's motion. The Court should decide, in the context of that motion, whether plaintiff is entitled to any discovery or whether, as Google contends, plaintiff needs no discovery, and its demand for discovery is simply intended to harass Google.

Plaintiff has certainly not demonstrated that it needs any discovery prior to consideration of the motion for summary judgment. Plaintiff's motion claims that it needs "a detailed explanation of the Google Software and its virtual operation" to "brief the claim construction [issues] relating to direct infringement and active inducement of infringement of claim 12. . . ." Motion at 2. The argument is frivolous for at least two reasons. First, plaintiff has no remaining claim for induced infringement. The Court already considered and granted summary judgment to Google on plaintiff's claim of induced infringement. *See* Order at 18 ("F&G's induced infringement claim must fail because there are no disputed material facts showing that Google possessed a specific intent to induce infringement.") (Exh. 3).

Second, the specific functionality of Google Earth software does not bear, in any manner, on the construction of the patent claims. The language in the patent claims, the disclosure in the patent, and the history of communications between the patent applicant and the Patent Office are relevant to claim construction, not the details about an accused infringer's product. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (summarizing principles of claim construction). Plaintiff cites no authority for his novel theory that details about an alleged infringer's product affect the interpretation of asserted patent claims. The interpretation of the patent claims is based upon what is in the patent, not how Google has created its software.

41063-0039/LEGAL13305333.1

Perhaps just as importantly, there is no issue of claim construction for the purposes of Google's pending motion. As reflected in the Court's summary judgment order, Google accepts plaintiff's claim construction, as reflected in its claim charts, for the purposes of summary judgment. Indeed, the Court relied on plaintiff's claim charts in granting summary judgment. *See* Order at 5. Those claim charts reflect that every claim requires some type of scrolling mouse.

In sum, plaintiff has no need to take depositions of Google witnesses concerning the specific functionality of Google software for the purposes of claim interpretation. Further, as set forth in Google's pending motion, any such discovery would be futile—Google's distribution of software cannot directly infringe claim 12 as a matter of law. Accordingly, plaintiff's motion to compel should be denied, and the Court should suspend all discovery pending resolution of Google's motion to dismiss and for sanctions.[3]

## IV.    CONCLUSION

For the reasons set forth above, the plaintiff's motion should be denied and the Court should suspend any further discovery in this action pending resolution of Google's pending motion to dismiss and for sanctions.

---

[3] Although unnecessary for Google's motion, Google also notes that both of plaintiff's deposition notices are in improper form. Both are titled "Notice of Taking Deposition Duces Tecum." "Duces Tecum" generally refers to document subpoenas, and has nothing to do with depositions. Further, one of the notices is simply for "Google's Marketing Director," and does not name any individual witness, or otherwise comply with Rule 30(b)(6).

-8-

| | |
|---|---|
| Respectfully submitted this 8th day of June, 2007. | FELDMAN GALE, P.A.<br><br>/s/ *Christina DeAngelis*<br>Christina D. DeAngelis (Fla. Bar 664456)<br>One Biscayne Tower, 30th Floor<br>2 South Biscayne Blvd.<br>Miami, FL 33131<br>Tel: 305-358-5001<br>Fax: 305-358-3309<br><br>Ramsey M. Al-Salam, (*Pro Hac Vice*)<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>ralsalam@perkinscoie.com<br><br>Attorneys for Defendant Google Inc. |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the document listed above is being served this day on Allen D. Brufsky, Esq., Allen Brufsky, P.A., 475 Galleon Drive, Naples, Florida 34102, via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ *Christina DeAngelis*