# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

06-60905-CIV-ALTONAGA/Turnoff

F&G RESEARCH, INC.,

           Plaintiff,

vs.

GOOGLE INC.,

           Defendant.

---

## GOOGLE INC.'S MOTION FOR RECONSIDERATION OF SUMMARY JUDGMENT ORDER OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON ISSUE OF DIRECT INFRINGEMENT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   THE COURT SHOULD RECONSIDER ITS ORDER DENYING
THE MOTION ON DIRECT INFRINGEMENT............................................... 2

     A.    Plaintiff Never Pled Direct Infringement......................................... 2

     B.    The Summary Judgment Motion Encompassed Any Claim
         of Infringement ............................................................................... 4

III.  ALTERNATIVELY, GOOGLE SEEKS SUMMARY
JUDGMENT ON THE ISSUE OF DIRECT INFRINGEMENT...................... 6

IV.  THE COURT SHOULD ALSO AWARD GOOGLE ITS
ATTORNEYS' FEES AND COSTS.................................................................... 7

V.   CONCLUSION.................................................................................................. 10

## I.   INTRODUCTION

Google Inc. ("Google") moves to dismiss the Amended Complaint in its entirety. Pursuant to the Court's Summary Judgment Order of March 7, 2007 ("the Order"), the only remaining claim is the issue of "direct infringement." Google cannot, as a matter of law, directly infringe the patent-in-suit (the "'229 patent") by its distribution of Google Earth. An entity directly infringes a method claim only when it practices every step of the method. The sale or distribution of software cannot, as a matter of law, directly infringe claim 12 (the only asserted claim against Google) of the '229 patent. At best, the distribution could only give rise to a claim for contributory infringement, but the Court has already held that Google has not contributorily infringed the claim (because, among other things, there are substantial noninfringing uses for the software).

In addition to dismissal of the Amended Complaint, the Court should also award Google its attorneys' fees and costs under Rule 11 of the Federal Rules of Civil Procedure or 35 U.S.C. § 285. As reflected in Google's earlier motion for summary judgment, there is no legal or factual basis for plaintiff's claims. At the hearing on the original motion, the Court noted that it was "strongly inclined" to award such fees. Hearing Transcript at 71. In the Court's order, however, it reserved the issue in light of the outstanding claim for direct infringement. Order at 19. After the Court's order, Google again tried to convince plaintiff to abandon its claim and dismiss the case (even without costs or fees to either party). Plaintiff refused, contending the Court erred, and that there was a basis for its claim of direct infringement. In the hope of avoiding having to raise this issue again with the Court, the parties agreed to a neutral evaluation by a knowledgeable patent attorney. That patent attorney concluded just what Google has previously asserted—that plaintiff cannot prevail on its direct infringement claim for at least two reasons— distribution of software cannot directly infringe a method claim and the patent requires use of a

scrolling mouse or some equivalent hardware. The evaluator also indicated there was no discovery necessary on the issue.

Nevertheless, plaintiff refused to dismiss the claim and has now moved to compel Google to produce witnesses for deposition. Plaintiff's continued harassment, without any legal basis, must end. The Court should dismiss the case in its entirety, either through reconsideration of its original order or by treating this paper and the papers previously on file as a new summary judgment motion. The Court should also award Google its attorneys' fees and costs. Plaintiff and its counsel have had numerous and repeated opportunities to avoid such sanctions, but have continued to pursue their baseless claim.

This motion is based upon the pleadings, papers and orders already on file, including Google's prior Statement of Undisputed Facts. This request and motion is further supported by the Declaration of Ramsey M. Al-Salam filed herewith. Mr. Al-Salam certifies that Google has made repeated and numerous attempts to resolve this case without having to bring it back to the attention of the Court. Plaintiff and its counsel have simply refused to following the Court's direction in its earlier order.

## II.    THE COURT SHOULD RECONSIDER ITS ORDER DENYING THE MOTION ON DIRECT INFRINGEMENT

### A.    Plaintiff Never Pled Direct Infringement

Google seeks dismissal of this case, whether through reconsideration of the Court summary judgment order or through an independent grant of summary judgment on the issue of direct infringement. Reconsideration of the Court's original order may be the simpler course because, among other things, it can be based on the prior submissions by the parties, including defendant's failure to comply with Rule 56(f) in its request for discovery.

In response to the original motion, the Court held there were no genuine issues of fact with respect to F&G's claims for contributory infringement or inducement of infringement, the only two theories specifically articulated in any prior court papers. The Court did not dismiss the Amended Complaint in its entirety, however, holding that Google had failed to address the theory of direct infringement until its reply memorandum:

> Google did not move for summary judgment on a claim for direct patent infringement, pursuant to 35 U.S.C. § 271(a), upon the belief that F&G had not included such a claim in its Amended Complaint. When informed by F&G in its opposition papers that a direct infringement claim was stated, although the statute was never referenced in the Amended Complaint, Google responded with arguments in its Reply Memorandum as to why summary judgment is also appropriate if the pleading is read to state a claim for direct infringement. It is not proper to raise new arguments in a reply brief, however, and the Court will not consider them here. *See Patteé v. Georgia Ports Auth.*, _____ F. Supp. 2d _____ (2007) WL 777887, at *2 (S.D. Ga. 2007) (noting that '[m]any district courts in the Eleventh Circuit reject new arguments raised in reply briefs').

Summary Judgment Order at 2 n.1.

Google respectfully submits that the Court erred in this regard for two reasons. First, the First Amended Complaint does not state a claim for direct infringement. The Complaint makes the general assertion that Google has infringed, but then "specifically" explains the basis for the claim as follows:

> 11.     Specifically, Defendant Google has provided . . . software compatible with the scrolling mouse of the '229 patent, specifically for use as part of the method covered by the '229 patent. Such software constitutes a material part of the invention covered by the '229 patent and is not a staple article or commodity of commerce suitable for substantial noninfringing use and therefore, the use of the software in conjunction with the scrolling mouse, constitutes an infringement of the '229 patent under 35 U.S.C. § 271(c).

          12.     Defendant Google, through its provision of the software induces infringement under 35 U.S.C. § 271(b) by a user of the mouse and software combination.

Amended Complaint, ¶¶ 11-12.

The theory of contributory infringement is expressly reiterated in the parties' Joint

Discovery Plan and Scheduling Report (Docket Entry No. 26) and Plaintiff's Reply to

Counterclaim (Docket Entry No. 23). Plaintiff never pled on any theory of direct infringement in

the Amended Complaint or any other pleading. Because F&G did not plead direct infringement

in the Amended Complaint, it should not be allowed to raise it for the first time in opposition to a

summary judgment motion. *See, e.g., In re Andrx Corp.*, 296 F. Supp. 2d 1356, 1367 (S.D. Fla.

2003) ("The [Court] will not entertain Plaintiffs' new theory raised for the first time in response

to Defendants' motion for summary judgment as it is not properly before the Court.") (granting

summary judgment in securities fraud claim).

**B.    The Summary Judgment Motion Encompassed *Any* Claim of Infringement**

Second, even if the Amended Complaint states a claim for direct infringement under 35

U.S.C. § 271(a), Google's motion was not limited to any specific theory of infringement. Google

did not file a motion for *partial* summary judgment, or in any other manner limit the scope of its

motion. Indeed, Google's motion expressly requested that the Court "grant summary judgment to

Google and dismiss the Amended Complaint with prejudice." Motion at 16. Although Google

focused its *argument* on contributory infringement, because it understood that to be the basis for

plaintiff's claim, the scope of the motion was never limited:

When a defendant in a patent infringement action seeks summary judgment of

noninfringement, the patentee has the burden of coming forth with evidence to create a genuine

issue of material fact. In *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301 (Fed. Cir.

2006), for example, the Federal Circuit affirmed the district court's grant of summary judgment

of noninfringement. The defendant's motion was a 12-page motion, supported by a declaration, arguing that the plaintiff would not be able to establish infringement and referring to "certain claim limitations" that were not contained in any of defendant's products. 442 F.3d at 1304. Affirming the grant of summary judgment, the Federal Circuit, applying Eleventh Circuit law, held that because plaintiff had the burden of proving infringement, the defendant "did not have to support its motion with evidence of non-infringement." 442 F.3d at 1308. The court noted that it is the plaintiff's burden to come forth with evidence in response to a motion for summary judgment of noninfringement:

> In light of *Celotex* [477 U.S. 317], we conclude that nothing more is required than the filing of a summary judgment motion stating that the patentee had no evidence of infringement and pointing to the specific way in which accused systems did not meet the claim limitations.

442 F.3d at 1308-09 (footnote omitted).

These standards were met in Google's motion for summary judgment. Google's motion explained that the patent is "directed at a specific type of scrolling mouse," and that "Google does not sell computer mice." Google Motion at 1. The motion discusses in detail the patent claims and why Google's distribution of Google Earth could not infringe. *Id.* at 2-7. The motion notes, for example, that there are at least three independent reasons why there is insufficient evidence of contributory infringement. With respect to the relief sought, Google expressly requested that the Court "grant summary judgment to Google and dismiss the Amended Complaint with prejudice." *Id.* at 16. The motion was supported by two declarations setting forth the relevant facts concerning the Google Earth software.

Consistent with the *Exigent* decision, the relief requested by Google was sufficient to encompass *any* theory of infringement. For these reasons, the Court erred when it failed to dismiss the Amended Complaint. F&G was obligated, in response to Google's motion, to create

a genuine issue of fact as to whether direct infringement existed. F&G failed to do so in its

opposition and failed to establish that it needed discovery pursuant to Rule 56(f) of the Federal

Rules of Civil Procedure. *See* Order at 8 n.6; *see Exigent*, 442 F.3d at 1310-11 (affirming district

court's refusal to continue the motion for purposes of discovery, where defendant did not comply

with Rule 56(f)). Accordingly, the Court should grant Google's motion for reconsideration and

dismiss the Amended Complaint in its entirety.

### III.     ALTERNATIVELY, GOOGLE SEEKS SUMMARY JUDGMENT ON THE ISSUE OF DIRECT INFRINGEMENT

Alternatively, Google moves herein for summary judgment dismissing the Amended

Complaint on any theory, including the theory of direct infringement. Google cannot, as a matter

of law, directly infringe claim 12 of the '229 patent by its distribution of software. Method

claims are not directly infringed by the sale or distribution of products. Direct infringement of a

method claim requires that the alleged infringer perform every step of the method. *See NTP,*

*Inc. v. Research in Motion, Ltd.,* 418 F.3d 1282, 1318 (Fed. Cir. 2005) ("It is well established

that a patent for a method or process is not infringed unless all steps or stages of the claimed

process are utilized.") (quoting *Roberts Dairy Co. v. United States,* 208 Ct. Cl. 830, 530 F.2d

1342, 1354 (1976)). The Federal Circuit has made clear that a method claim is infringed only by

practicing the method, not by the sale or distribution of software that, if used, would allegedly

perform the method:

> Congress has consistently expressed the view that it understands
> infringement of method claims under Section 271(a) to be limited
> to use. . . . [T]his court expressed a similar view in *Joy*
> *Technologies, Inc. v. Flakt, Inc.,* 6 F.3d 770 (Fed. Cir. 1993). In
> that case, we said, 'a method claim is *directly* infringed only by one
> practicing the patented method.' *Id.* at 775.

*NTP*, 418 F.3d at 1319 (holding as a matter of law that maker of Blackberry device did not infringe method claims by sale of devices). This fundamental principle is sufficient, in itself, for the grant of summary judgment.

Further, the Court has already held that all the claims, including claim 12, involve the use of a computer mouse. *See* Order at 3-6. In so holding, the Court relied on, among other things, the claim charts prepared by F&G. The claim charts define each step in claim 12 as involving the "use of a computer mouse." Order at 5. Google is not in the business of selling or distributing computer mice. Accordingly, Google cannot have performed every step of the method claim, and thus could not have directly infringed.

At best, the distribution of the software could give rise to a claim for *contributory infringement*. *See Aquitex Indus., Inc. v. Techniche Solutions*, 419 F.3d 1374, 1379 (Fed. Cir. 2005) ("Although not directly infringing, a party may still be liable for inducement or contributory infringement of a method claim if it sells infringing devices to customers who use them in a way that directly infringes the method claim."). The Court has already held, however, that Google's distribution of Google Earth software does not constitute contributory infringement because, among other things, there are substantial noninfringing uses for the Google Earth software (e.g., the use with licensed scrolling mice). Accordingly, the Court should grant summary judgment and dismiss the Amended Complaint with prejudice.

## IV.   THE COURT SHOULD ALSO AWARD GOOGLE ITS ATTORNEYS' FEES AND COSTS

The Court should also award Google the attorneys' fees and costs it has incurred in this case. As explained in Google's original motion for summary judgment, the arguments made by plaintiff in this case are frivolous. There is no basis, under any infringement theory, for plaintiff to assert that Google has infringed a patent relating to scrolling mice, when Google is not in the

business of distributing or selling scrolling mice. In the hearing on Google's original motion for summary judgment, the Court indicated that it was "strongly inclined" to award such fees. *See* Hearing Transcript at 71-72 ("I am strongly inclined to grant the motion in its totality . . . . I don't grant Rule 11 sanctions lightly. In fact, I hardly ever do that, but this is one case where I am tempted to do so.") (Al-Salam Decl., Exh. 1).

After making its comments, the Court gave the parties an opportunity to resolve the issue without further Court involvement. *Id.* Following the hearing, Google tried to resolve the issue directly with Mr. Brufsky, but he refused to withdraw the claim. Accordingly, the Court then granted partial summary judgment, but withheld its decision on sanctions because of the remaining claim for direct infringement. *See* Order at 19.

Following the Order, Google attempted, again, to convince plaintiff to dismiss the case, so that the parties could avoid having to litigate this issue before the Court. Google offered to waive its request for fees, and explained that there was no plausible basis for plaintiff to pursue a claim of direct infringement. As explained in Mr. Al-Salam's declaration filed herewith, Mr. Brufsky again refused to withdraw the case, asserting that the claims were directly infringed by Google's distribution of Google Earth software. In the hope of resolving the issue without having to bring it to the Court's attention, the parties agreed to submit the question of whether plaintiff was likely to prevail on its claim of direct infringement to a neutral evaluator, Patrick Flinn, of the Alston & Bird firm in Atlanta. The parties submitted briefing to Mr. Flinn, and Mr. Flinn concluded that, for the same reasons asserted by Google, plaintiff could not prevail on any claim of direct infringement. He also opined that there was no further information or discovery necessary to reach the conclusion. *See* Al-Salam Decl., ¶ 6.

Nevertheless, following Mr. Flinn's conclusion, plaintiff and Mr. Brufsky refused to dismiss the complaint and have demanded depositions of Google's personnel.

Plaintiff has demanded such depositions on the issue of "claim construction," though the details about Google's software cannot bear on the meaning of the patent claims. The language of the patent claims, as well as the disclosure in the patent, controls the scope of a patent. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) ("It is a 'bedrock principle of patent law that the claims of a patent define the invention to which the patentee is entitled the right to exclude'"). No discovery from Google will change the fact that the claims of the '229 patent all require a scrolling computer mouse or equivalent hardware. No discovery from Google will change the fact that the requirement of a scrolling mouse is reflected in F&G's own claim charts. Perhaps most importantly, no discovery from Google will change the fact that the Court has already held that "each step of claim 12 requires the use of a mouse that contains the scrolling means described in the patent specification." Order at 11.

Despite these facts, plaintiff continues to assert that the patent has no such requirement and has moved to compel Google to produce witnesses to testify as to specific details concerning Google's products. Plaintiff's harassment of Google, based on a meritless assertion of a need for discovery, should be stopped. F&G should be ordered to pay Google's reasonable attorneys' fees and costs. As indicated in Mr. Al-Salam's declaration field herewith, Google has incurred, to date, approximately $125,000 in connection with this litigation. Plaintiff and its counsel, not Google, should be responsible for such fees.

## V.    CONCLUSION

For the reasons set forth above, the Court should dismiss the Amended Complaint with

prejudice and award Google its reasonable attorneys' fees and costs.

Respectfully submitted this 7th day of June,
2007.

FELDMAN GALE, P.A.

*/s/ Christina DeAngelis*

Christina D. DeAngelis (Fla. Bar 664456)
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, FL 33131
Tel: 305-358-5001
Fax: 305-358-3309

Ramsey M. Al-Salam, (*Pro Hac Vice*)
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
ralsalam@perkinscoie.com

Attorneys for Defendant Google Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 7, 2007, I electronically filed the foregoing document
with the Clerk of the Court using CM/ECF. I also certify that the document listed above is being
served this day on Allen D. Brufsky, Esq., Allen Brufsky, P.A., 475 Galleon Drive, Naples,
Florida 34102, via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ Christina DeAngelis

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

                Plaintiff,

vs.

GOOGLE INC.,

                Defendant.

**DECLARATION OF RAMSEY M. AL-SALAM IN SUPPORT OF**
**GOOGLE'S MOTION FOR RECONSIDERATION OF SUMMARY**
**JUDGMENT ORDER OR, IN THE ALTERNATIVE,**
**FOR SUMMARY JUDGMENT ON ISSUE OF DIRECT INFRINGEMENT**

I, RAMSEY M. AL-SALAM, hereby declare as follows:

1.     I am a partner with Perkins Coie LLP, counsel for defendant Google Inc. in the above-identified action. I make this declaration based on my personal knowledge unless otherwise indicated.

2.     At the hearing of Google's original motion for summary judgment and for sanctions, the Court indicated that it was "strongly inclined to grant the motion in its totality." Hearing Transcript at 71-72 (Exh. 1 attached hereto). The Court gave the parties time, however, to see if they could resolve it themselves. Although Google attempted to resolve the case through direct discussions with plaintiff's counsel, it was unsuccessful.

3.     In its summary judgment order, the Court deferred ruling on the issue of sanctions. Hearing Order at 19. Following the Order, I had various communications with Allen Brufsky, counsel for plaintiff, in an attempt to resolve the direct infringement claim without having to seek further relief from the Court. I made clear to him that, if the parties could not resolve the issue, Google would move for reconsideration of the summary judgment order and/or move for summary judgment on the issue of direct infringement.

4.    After the Order, Mr. Brufsky demanded a deposition from Google. I noted that there was no constructive purpose for a deposition in light of the Court's order, and the principles concerning direct infringement. Mr. Brufsky insisted on the depositions, indicating that he and his client "firmly believe[] that the google [sic] software contains all the method steps of claim 12 and its sale or offer to use [sic] is a direct infringement of a properly construed claim 12." *See* email attached as Exhibit 2.

5.    The parties eventually agreed to submit the dispute to a neutral patent attorney to evaluate the likelihood that F&G could prevail on its claim of direct infringement. *See* Exhibits 3 and 4 attached hereto. The parties retained Patrick Flinn of Alston & Bird in Atlanta to perform the neutral evaluation. Both parties submitted briefing to Mr. Flinn and participated in conference calls to discuss the issues.

6.    On May 17, 2007, Mr. Flinn provided the parties with his conclusion. He concluded that F&G was unlikely to prevail on its claim of direct infringement and that there was no further information or discovery necessary for him to reach that conclusion.

7.    Following the conference call, we again requested that plaintiff drop its claims. Mr. Brufsky refused to do so and reiterated his insistence on taking depositions for the purposes of claim construction. He has also moved to compel the production of such witnesses and for sanctions on the issue.

8.    Because we could not resolve the issue, Google has filed this motion. As of today's date, Google has incurred approximately $125,000 in attorneys' fees and costs in connection with this case, including expenses related to researching the patent and file history, communications with plaintiff and its counsel, the filing of papers and pleadings, the filing and argument of the summary judgment motion, and activities associated with the neutral evaluation process. We would be happy to provide further detail of these fees and costs if it would assist the Court.

I declare under penalty of perjury the foregoing is true and correct.

Dated this 7th day of June, 2007.

_____
Ramsey M. Al-Salam

Page 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case 06-60906-CIV-ALTONAGA

F&G RESEARCH, INC.,

        Plaintiff,

                            MIAMI, FLORIDA

    vs.

                        FEBRUARY 22, 2007

GOOGLE, INC.,

        Defendant.

TRANSCRIPT OF ORAL ARGUMENT
BEFORE THE CECILIA M. ALTONAGA,
UNITED STATES DISTRICT JUDGE

APPEARANCES:

FOR THE PLAINTIFF:

                ALLEN DAVID BRUFSKY, ESQ.
                475 Galleon Drive
                Naples, FL 34102 - 239.963.9641

                JASON BURATTI, ESQ.
                ALAN M. WEISBERG, ESQ.
                Christopher & Weisberg
                200 E. Las Olas Boulevard, Ste. 2040
                Fort Lauderdale, FL 33301
                954.828.1488

REPORTED BY:

                BARBARA MEDINA
                Official United States Court Reporter
                Federal Courthouse Square, Ste. 404
                301 North Miami Avenue
                Miami, FL 33128-7792   305.523.5518
                                (Fax) 305.523.5519
                Email:  barbmedina@aol.com

EXHIBIT 1

TOTAL ACCESS COURTROOM REALTIME TRANSCRIPTION
February 22, 2007

f1007460-146a-11dc-8f85-e9378b11b067

Page 71

| | | |
|---|---|---|
| 11:15:55 | 1 | could have relied not to take any discovery. |
| 11:15:57 | 2 | We served our motion on November 22nd. We never once |
| 11:16:01 | 3 | suggested that we were going to withdraw it. In fact, we |
| 11:16:04 | 4 | wanted to get this issue resolved as soon as possible and |
| 11:16:06 | 5 | before either party had to spend more money on claim |
| 11:16:09 | 6 | construction or anything else because, frankly, we think the |
| 11:16:12 | 7 | whole case is a waste of everybody's time and everybody's |
| 11:16:17 | 8 | money, and that's one of the reasons we're seeking our fees and |
| 11:16:20 | 9 | costs. |
| 11:16:22 | 10 | I think that's all I need to address, Your Honor, |
| 11:16:25 | 11 | unless the Court has any further questions. |
| 11:16:26 | 12 | I appreciate the Court's time and attention. |
| 11:16:28 | 13 | THE COURT: I don't know if Mr. Buratti has anything |
| 11:16:30 | 14 | else he wanted to add. |
| 11:16:32 | 15 | MR. BURATTI: No, I have nothing else, Your Honor. |
| 11:16:35 | 16 | THE COURT: I certainly won't be ruling today. |
| 11:16:38 | 17 | I would like the parties to advise me, -- and I will |
| 11:16:40 | 18 | give you a deadline, a reasonable time frame, next Friday. |
| 11:16:47 | 19 | I'll give you a full working week to let me know if I still |
| 11:16:52 | 20 | need to issue my written decision on this motion, and I say |
| 11:16:58 | 21 | that because not having rolled up my sleeves and sat down with |
| 11:17:03 | 22 | my computer and my mouse to put together the opinion, I am |
| 11:17:08 | 23 | strongly inclined to grant the motion in its totality, and |
| 11:17:12 | 24 | before I do that, I will give you both the opportunity to let |
| 11:17:20 | 25 | me know by next Friday if this is still an issue for the |

February 22, 2007

f1007460-146a-11dc-9f86-e0378b11b067

Page 72

| | | |
|---|---|---|
| 11:17:25 | 1 | Court's resolution or if you have been able to reach agreement. |
| 11:17:30 | 2 | I don't grant rule 11 sanctions lightly.  In fact, I |
| 11:17:33 | 3 | hardly ever do that, but this is one case where I'm very |
| 11:17:37 | 4 | tempted to do so. |
| 11:17:37 | 5 | As I say, I'm not issuing my ruling.  I may change my |
| 11:17:42 | 6 | mind as I sit down and grapple with the writing of the opinion, |
| 11:17:48 | 7 | but if you don't want to see that opinion, you can let me know |
| 11:17:51 | 8 | by next Friday and I would just ask for a status report from |
| 11:17:54 | 9 | the parties that, yes, you do desire the Court to issue its |
| 11:17:58 | 10 | ruling on the summary judgment-rule 11 motion before I sit down |
| 11:18:03 | 11 | and start putting it together. |
| 11:18:04 | 12 | Is there anything additional? |
| 11:18:07 | 13 | MR. AL-SALAM:  Nothing from our side, Your Honor. |
| 11:18:09 | 14 | MR. BRUFSKY:  No. |
| 11:18:10 | 15 | THE COURT:  I thank you all for fine argument. |
| 11:18:12 | 16 | Again, Mr. Buratti, I'm sorry if I bombarded you with |
| 11:18:17 | 17 | many questions. |
| 11:18:17 | 18 | You all have a day. |
| | 19 | MR. AL-SALAM:  Thank you, Your Honor. |
| | 20 | MR. BURATTI:  Thank you. |
| | 21 | |
| | 22 | |
| | 23 | |
| | 24 | |
| | 25 | |

February 22, 2007

f1007460-146a-11dc-9f85-e9378b11b067

Page 1 of 1

**Al-Salam, Ramsey M. (Perkins Coie)**

| | |
|---|---|
| **From:** | ABrufs@aol.com |
| **Sent:** | Monday, April 02, 2007 8:11 AM |
| **To:** | Al-Salam, Ramsey M. (Perkins Coie) |
| **Subject:** | Re: F&G/Google |

no

please check on availabilty asap.This is not a fishing expedition.Our client firmly believes that the google software contains all the method steps of claim 12 and its sale or offer to use is a direct infringement of a properly construed claim 12.We agree.

/s/Allen D. Brufsky
Allen D. Brufsky PA
475 Galleon Dr
Naples, FL 34102
Tel:239-963-9641
Fax:239-263-3441
E-mail:abrufs@aol.com

---

See what's free at AOL.com.

**EXHIBIT 2**

6/5/2007

Page 1 of 1

## Al-Salam, Ramsey M. (Perkins Coie)

**From:** ABrufs@aol.com
**Sent:** Wednesday, April 04, 2007 2:56 PM
**To:** Al-Salam, Ramsey M. (Perkins Coie)
**Subject:** Re: F&G/Google

Ramsey:

Here is what I am willing to do.

We can put off everything—we will apply to an acceptable mediator for an ene of the claim construction and our direct infringement claim based on the analysis adopted by the mediator. This of course will be non-binding but for informational purposes only. The mediator can be anywhere, as long as competent in patent law. This will save time, expense and formulate our positions. If the ene is not acceptable to either of us, then we can go to Court and you can do what you want. However, I will ultimately need Mr. Mc Clendon to testify as to what the GE program entails. We can put the deposition off pending the ene on claim interpretation and then take the deposition if necessary..

I will be available to discuss this further if you wish tomorrow between 4 and 5.

Allen

/s/ allen d. brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, Florida 34102
Tel:239-963-9641
Fax:239-263-3441
Email:abrufs@aol.com

See what's free at AOL.com.

**EXHIBIT 3**

## Al-Salam, Ramsey M.   (Perkins Coie)

| | |
|---|---|
| **From:** | Al-Salam, Ramsey M.   (Perkins Coie) |
| **Sent:** | Friday, April 06, 2007 12:31 PM |
| **To:** | 'Allen D. Brufsky' |
| **Cc:** | Gregory L. Hillyer; McBrayer, Ryan J.  (Perkins Coie) |
| **Subject:** | Mediation/evaluation |

Allen:

To confirm our discussion, Google agrees to your proposal of an expedited mediation/neutral evaluation, directed to the scope of claim 12, in the hope that this will lead to resolution of the case.  In the interim, we have agreed to postpone discovery and any claim construction activities.  To that end, we will propose to the Court a claim construction schedule that will allow us to first accomplish the mediation/evaluation.  I will send you a proposed submission today.  Thanks and please tell me if this does not conform with your understanding of our agreement.

Ramsey M. Al-Salam

Perkins Coie LLP
1201 Third Ave. Ste. 4800
Seattle, WA 98101

Direct Dial: 206.359.6385
Direct Fax: 206.359.7385

**EXHIBIT 4**