UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

   Plaintiff,

vs.

GOOGLE INC.,

   Defendant.

**PLAINTIFF'S REPLY TO GOOGLE'S RESPONSE TO**
**THE MOTION TO COMPEL DISCOVERY AND FOR SANCTIONS**

Plaintiff, F & G Research, Inc. ("F&G"), by and through its undersigned counsel, hereby replies Defendant, Google Inc.'s ("Google") response to the Motion to Compel Discovery and for Sanctions as follows:

The law on the subject of determining patent infringement is set in stone. It consists of a two step process: (1) the scope and meaning of the claim is construed by the Court; and (2) the properly construed claim(s) alleged to be infringed are then applied to the device or process charged to be infringing. *See e.g. Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1996). *See also, Rockey v. Cordis Corp.,* Case No. 05-1236 at 5, 2006 WL 678921 at 3 (Fed. Cir. March 16, 2006), ("[t]he first step, claim construction is a matter of law … [t]he second step is typically a factual question…")

If all of the elements (steps in case of a process or method claim) of the claim or their equivalents are present, there is direct infringement under 35 U.S.C. 271(a) **if the steps are**

1

**embodied in a software sold** by the defendant or alleged infringer. *Eolas Technologies Inc. et al v. Microsoft Corp.*, 399 F.3d 1325, 1339 (Fed Cir. 2005); and if the steps of the method are used in a device or apparatus, the combination of which is a direct infringement (or reads on the structure and method supplied by the alleged infringer), there can be inducement of infringement under 35 U.S.C. 271(b) or contributory infringement under 35 U.S.C. 271(c). *Hilgraeve Corp.v. Symantec Corp.*, 265 F.3d 1336, 1342 n.2 (Fed. Cir. 2001); even if capable of non-infringing modes of operation. *Id.* at 1343.

In either event, there must be a claim construction by the Court. This was ordered by the Court [D.E.69} with opening briefs due June 29, 2007.

A claim construction was never done to see whether the method of claim 12 would be infringed with the steps being carried out using **any mouse (i.e., scrolling or not)** or an equivalent device such as a trackball, keyboard and the like, or most importantly the "virtual means" embodied in the software admittedly distributed by Google. If such "virtual means" were embodied in the software, there would be direct infringement of the steps of the method claim, as agreed by Google (see p.1 of Google's Response) or if a mouse was required by claim to generate the control signal for initiating the method steps, this could lead to a finding of inducement or contributory infringement. *See Hilgraeve supra.* Direct infringement, contributory infringement, and inducement of infringement were all pleaded in the Amended Complaint ¶¶ 11 and 12, as alternate theories of recovery. Any ruling by the Court to date on contributory or inducement of infringement [DE 67] **was limited to a scrolling mouse** and therefore irrelevant to the current issue. The point of this discussion is that there must be a claim construction as ordered by the Court, not only to determine whether the steps of the method are directly

infringed and embodied in the software, but also whether the use of **any mouse** could lead to contributory or inducement of infringement.

In order to properly construe the scope and meaning of the claim, the deposition of the software designer, McClendon and marketing director of the software concerning the operation and distribution of the software and what process the software is designed to carry out is essential.

The parties employed Patrick J. Flinn, a patent attorney with Alston & Byrd in Atlanta as an ENE (early neutral evaluator) to obtain an "early" non-binding read on the scope and meaning of the claim. Mr. Flinn concluded that the only hardware required by the claim was some "means" to generate a control signal to initiate the steps specified in claim 12. He was **not employed to opine on infringement, but only the scope and meaning of the claim.** However, when questioned whether the "means" could exist in the software he did state that it could lead to direct infringement of the claim and he would not opine on inducement as he felt the Court had already addressed that question, although in the context of a scrolling mouse. Once again, in order to facilitate a determination of infringement, which is predicated on what is included in the scope of claim 12, it is essential to determine on the record what and how Google markets its software and how it operates.

The point that Google is overlooking is that infringement of the method is not premised on the user operating computer having a scrolling mouse, but a mouse having a cursor, or a trackball, or a keyboard, or an equivalent structure or "virtual means" in the software to generate the control signal to perform the method steps. Mr. Flinn stated that if the software performed this function (i.e., of generating the control signal or a non-scrolling mouse could be used to do so) there could be an infringement. Brufsky's Decl. ¶ 7. This interpretation of the claim language

makes it clear that infringement is definitely an issue to be determined if this claim interpretation is adopted by the Court.

This second prong of the infringement analysis is also **now** ripe for determination.[1] The claim at issue in the '229 patent, properly construed, can be read on the method utilized by a user of the software or in the case of direct infringement, may encompass all the steps embraced within the claim. We will not know without the depositions requested to supply the requisite information to determine these issues.[2]

Rule 56(f) of the Rules of Civil Procedure mandates that the depositions be conducted in conformance with the affidavit of counsel that in order top avoid summary judgment, a showing that a substantial issue of material fact must first be determined. This is now another reason to compel the depositions requested.

For the foregoing reasons, the Court should compel Google to produce its software design engineer, Brian McClendon and its marketing director for a deposition immediately following a ruling in favor of F&G.

---

[1] While this motion was pending, Google filed a motion for reconsideration of the Court's Order on Its Motion for Summary Judgment for Direct Infringement or in the Alternative, a Motion for Summary Judgment of Non-infringement under 35 U.S.C. 271(a), in that the sale of the Google software cannot amount to direct infringement of claim 12. F&G will on the other hand, request that the Court reconsider its ruling on the motion of Google, which stated that there can be no contributory infringement or inducement of infringement. The Court apparently based its ruling on the erroneous premise that the charge of infringement was based on the user of the method using a **scrolling** mouse to directly infringe which was permitted or licensed, when in fact the allegations in the Complaint were broad enough to encompass the use of **any mouse** or its equivalent. When considered in this context, there are no substantial non-infringing uses of the method to avoid contributory infringement and intent can be presumed that the use of the Google software should be used in an infringing manner.

[2] Google argues that the depositions should be delayed pending the determination of whether there is direct infringement. However, under the case law, the reverse is true. First, there has to be a determination of the scope of the claim followed by the infringement analysis of whether the claim reads on the software or alleged infringing method.

4

Respectfully submitted,

ALLEN D. BRUFSKY, PA

Dated: June 11, 2007        By:        s/ Allen D. Brufsky
                                       Allen D. Brufsky, Esq.
                                       Florida Bar Number 133980
                                       475 Galleon Drive
                                       Naples, Florida 34102
                                       (239)-963-9641 (tel)
                                       (239)-263-3441 (fax)
                                       abrufs@aol.com (email)
                                       *Attorneys for the Plaintiff,*
                                       *F & G Research, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th, day of June, 2007, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record: **Gregory Hillyer and Ramsey Al-Salam,** and I certify that I have mailed the foregoing document to the following parties or counsel of record who are non-CM/ECF participants: NONE.

                                       s/ Allen D. Brufsky
                                       Allen D. Brufsky, Esq.

5