UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NO. 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

        Plaintiff,

v.

GOOGLE INC.,

        Defendant.

**GOOGLE INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION
TO STAY DISCOVERY**

Defendant Google Inc. ("Google") has moved to stay discovery pending the resolution of its motion for reconsideration or, in the alternative, for summary judgment on the issue of direct infringement. F&G, in opposition, makes various arguments, some of which are misleading and require a response.

**A.  Method Claims Cannot be Directly Infringed Under § 271(a) by the Distribution of Software**

F&G first argues that a method claim can be directly infringed by the distribution of software, if the steps of the method are embodied in the software. In particular, F&G argues that

> "If all of the elements (steps in case of a process or method claim) of the claim or their equivalents are present, there is direct infringement under 35 U.S.C. 271(a) **if the steps are embodied in a software sold** by the defendant or alleged infringer. *Eolas Technologies, Inc., et. al. v. Microsoft Corp.*, 399 F.3d 1325, 1339 (Fed. Cir. 2005). . . ."

Opp. at 1 (bold in original).

This statement is not true, and the cited *Eolas* decision does not support the contention. In *Eolas*, the Federal Circuit was not concerned with a method claim. Instead, the court

- 1 -

interpreted claim 6, a product claim. *See Eolas*, 399 F.3d at 1330 ("Claim 1 is a method claim; claim 6 a product claim."). Claim 6 was specifically directed at a "computer program product for use in a system. . . ." *Id.*

In contrast, none of the claims in the '229 patent-in-suit are directed to a "computer program." Most expressly relate to a mouse (e.g., claims 1-11) and the only claim asserted against Google, relates to a method for using a mouse (claim 12).

Further, the court in *Eolas* was not discussing infringement under 271(a). Instead, the discussion, including the discussion on the page cited by F&G (399 F.3d at 1339), relates to infringement under 35 U.S.C. § 271(f), which prohibits the exporting of a component to be used in a patented combination. The *Eolas* decision does not, in any manner, support F&G's claims.

F&G next argues that

> [I]f the steps of the method are used with a device or apparatus, the combination of which is a direct infringement (or reads on the structure and method supplied by the alleged infringer), there can be inducement of infringement under 35 U.S.C. 271(b) or contributory infringement under 35 U.S.C. 271(c). *Hilgraeve Corp. v. Symantec Corp.*, 2965 F.3d 1336, 1342 n.2 (Fed. Cir. 2001); even if capable of non-infringing modes of operation. *Id.* at 1343.

Opp. at 2.

Google is unsure what the quote is intended to mean. The footnote in the *Hilgraeve* decision cited by F&G, however, supports Google's position on direct infringement. In particular, in the footnote, the Federal Circuit noted that "the allegation is that the operation of the devices directly infringes the method claims at issue, or that the sale of the devices induces customers to infringe the method claims." *Hilgraeve*, 265 F.3d at 1334, n.2. In other words, the method claim in *Hilgraeve* could only be directly infringed by the "operation of the devices." The distribution of software cannot constitute direct infringement of a method claim (unless the claim was actually directed at a method of distributing software).

### B. F&G Miscontrues the Court's Summary Judgment Order

F&G also argues that

> A claim construction was never done to see whether the method of claim 12 would be infringed with the steps being carried out using **any mouse (i.e., scrolling or not)** or an equivalent device such as a trackball, keyboard and the like, or most importantly the "virtual means" embodied in the software admittedly distributed by Google.

Opp. at 2 (bold in original).

Google again does not understand what F&G is arguing. For the purposes of the summary judgment motion, the Court adopted F&G's claim construction. Order at 10-12. "With F&G's proposed claim construction as a guide" (Order at 12), the Court held there were no genuine issues of fact on the issues of inducement and contributory infringement. F&G presented no evidence, for example, that Google had the required specific intent to induce Google Earth users to infringe the patent by using unlicensed mice. Order at 14. On contributory infringement, the Court held that it is "undisputed that [Google Earth] is capable of substantial noninfringing uses." Order at 13. The Court's claim construction for purposes of indirect infringement was thus not limited in any relevant manner.

### C. There is No Need for Discovery for the Purposes of Claim Construction.

F&G argues that there "must be a claim construction . . . to determine whether the steps of the method are directly infringed in the body of the software. . . ." Opp. at 2. In particular, F&G argues it needs depositions to "properly construe the scope and meaning of the claim. . . ." *Id.* at 3. F&G cites no case law to support its claim that details about the Googles Earth software could have any relevance to the meaning of the patent claims. The meaning of the patent claims are an issue of law, based on the "intrinsic evidence"—the claims, specification and file history of the patent. There is no such authority that information about the defendant's product could affect the meaning of the claims. *Cf. Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1311 (Fed. Cir. 2006) ("Since . . . claim construction is a legal issue . . . we doubt that an

asserted need for additional discovery on claim construction issues provides a good ground for a Rule 56(f) motion.").

### D. Mr. Flinn Did Not Agree with F&G's Position

F&G does not dispute that Mr. Flinn concluded that F&G could not prevail on its direct infringement claim, and that no discovery was necessary for that conclusion. Nevertheless, F&G makes a confusing argument that suggests that Mr. Flinn stated that there could be "direct infringement of the claim" by the use of the software. Opp. at 3. Google does not believe Mr. Flinn made any such conclusion. Mr. Flinn concluded that the "supplementary control means" in claim 12 is a means-plus-function element under 35 U.S.C. 112 and, accordingly, it must be construed with reference to the specification. There is no assertion, even by F&G, that the specification discloses any means for generating a supplementary control signal other than the specific structure of the scrolling mouse in the patent. Mr. Flinn never suggested that the Google Earth software had or even could infringe. After seeing Mr. Brufsky's mis-interpretation, Google suggested that the parties contact Mr. Flinn for clarification of his decision. See email attached as Exhibit 1. F&G never accepted that offer.

### E. Conclusion

For the reasons set forth in Google's moving papers and above, Google respectfully requests that discovery be stayed in this action pending resolution of Google's pending motion for summary judgment or reconsideration.

- 5 -

| | |
|---|---|
| Respectfully submitted this 14th day of June, 2007. | FELDMAN GALE, P.A.<br><br>/s/ *Christina DeAngelis*<br>Christina D. DeAngelis (Fla. Bar 664456)<br>One Biscayne Tower, 30th Floor<br>2 South Biscayne Blvd.<br>Miami, FL 33131<br>Tel: 305-358-5001<br>Fax: 305-358-3309<br><br>Ramsey M. Al-Salam, (*Pro Hac Vice*)<br>PERKINS COIE LLP<br>1201 Third Avenue, Suite 4800<br>Seattle, WA 98101-3099<br>Telephone: 206.359.8000<br>Facsimile: 206.359.9000<br>ralsalam@perkinscoie.com<br><br>Attorneys for Defendant Google Inc. |

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the document listed above is being served this day on Allen D. Brufsky, Esq., Allen Brufsky, P.A., 475 Galleon Drive, Naples, Florida 34102, via transmission of Notices of Electronic Filing generated by CM/ECF.

s/ *Christina DeAngelis*

34353-0034/LEGAL13319459.1