**Christina DeAngelis**

**From:** Al-Salam, Ramsey M. (Perkins Coie) [RAlsalam@perkinscoie.com]
**Sent:** Thursday, June 14, 2007 10:53 AM
**To:** Christina DeAngelis; Gregory L. Hillyer
**Cc:** Catherine Lacavera; michellel@google.com
**Subject:** FW: F&G/Google

exhibit one is below; thanks!


Ramsey M. Al-Salam

Perkins Coie LLP
1201 Third Ave. Ste. 4800
Seattle, WA 98101

Direct Dial: 206.359.6385
Direct Fax: 206.359.7385

---

**From:** Al-Salam, Ramsey M. (Perkins Coie)
**Sent:** Friday, May 25, 2007 1:04 PM
**To:** 'ABrufs@aol.com'
**Cc:** gilligan_sa@yahoo.com; japarr33@comcast.net
**Subject:** RE: F&G/Google

Allen:

We're very disappointed that this would be your conclusion. Mr. Flinn made clear that F&G cannot prevail on its direct infringement claim, and any discovery will be a waste of everyone's time and money. In particular, he found two independent reasons why F&G can't prevail, and why discovery would be futile: (1) Google can't directly infringe the method claims by distributing software; and (2) the claims require **hardware,** the same conclusion reached by the Court in its claim construction. Whether the hardware could be something other than a scrolling mouse if combined with some different software is irrelevant. If **any** hardware is required, the Google Earth software alone cannot directly infringe. The only theory would be **contributory** infringement, but that theory has already been rejected because there are substantial non-infringing uses for the software (e.g., working with licensed hardware).

If you don't think Mr. Flinn reached these conclusions, we should talk to him again and receive clarification. If you do, your client and you should understand that there is absolutely no reasonable basis to pursue any discovery. Again, it doesn't matter how Google Earth works if any hardware is required., and both the Court and Mr. Flinn have reached the conclusion that hardware is required.

We ask that you reconsider your demand for discovery. If F&G pursues the discovery or its claim further, Google will have no choice but to seek recovery of all of its fees and costs. As you know, the Court already hinted at the hearing that she was leaning towards such an award. We believe she did not address the issue in her order to give F&G an opportunity to drop its claim. To that end, we agreed to the mediation/evaluation process. If F&G continues to pursue the claims after Mr. Flinn's analysis, she almost certainly will make such an award. We don't understand why your client or you would pursue the claims in this context. Please re-think your position on this. Thanks.



6/14/2007

Ramsey M. Al-Salam

Perkins Coie LLP
1201 Third Ave. Ste. 4800
Seattle, WA 98101

Direct Dial: 206.359.6385
Direct Fax: 206.359.7385

---

**From:** ABrufs@aol.com [mailto:ABrufs@aol.com]
**Sent:** Friday, May 25, 2007 11:11 AM
**To:** Al-Salam, Ramsey M. (Perkins Coie)
**Cc:** gilligan_sa@yahoo.com; japarr33@comcast.net
**Subject:** F&G/Google

Dear Ramsey:

After conference with our client and hearing Mr. Flinn it became adundantly clear that he and we had no idea, only assumptions, as to how the GE software operates, and whether it contained any of the operative limitations in claim 12 found to be necessary by Mr. Flinn   We must therefore insist on taking the deposition of Mr. McClendon at his and/or your convenience **before** you file any motion for summary judgment or your claim construction brief.

Please advise as to availability and your agreement to go forward with this matter, as indicated.

Allen

/s/ allen d. brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, Florida 34102
Tel:239-963-9641
Fax:239-263-3441
Email:abrufs@aol.com

---

See what's free at AOL.com.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.