UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

      Plaintiff,

vs.

GOOGLE INC.,

      Defendant.

_____/

**ORDER**

**THIS CAUSE** came before the Court upon Defendant, Google Inc.'s ("Google['s]") Cross-
Motion to Stay Discovery Pending Resolution of Summary Judgment Motion [D.E. 81], filed on June
8, 2007; and Plaintiff, F&G Research, Inc.'s ("F&G['s]") Request for Reconsideration on Rulings
of Partial Summary Judgment of Non-Infringement [D.E. 85], filed on June 13, 2007. The Court has
reviewed the parties' submissions, the relevant portions of the record, and applicable law.

In its Motion, Google contends that all discovery should be stayed because there is a
"significant likelihood" that the Court will grant Google's Motion for Reconsideration of Summary
Judgment Order or, in the Alternative, for Summary Judgment on the Issue of Direct Infringement
(the "Motion for Summary Judgment") [D.E. 77], and dismiss Plaintiff, F & G Research, Inc.'s
("F&G['s]") remaining direct infringement claim. (*Cross-Mot. to Stay Disc.* [D.E. 81] at 5). Google
also argues that a stay of discovery is proper because the discovery requested by F&G is irrelevant
to either its direct infringement claim or the impending claim construction briefing.

In Response, F&G argues that the discovery it requests is relevant to both its direct
infringement claim and the claim construction briefing. In addition, F&G moves for reconsideration

Dockets.Justia.com

Case No. 06-60905-CIV-ALTONAGA/Turnoff

of the Court's March 28, 2007 Order granting Google's Motion for Partial Summary Judgment on the grounds that the Court based its ruling on the "erroneous premise that the charge of infringement was based on the user of the method using a scrolling mouse to directly infringe" the claim at issue in this case. (*Resp. to Mot. to Stay Discovery* [D.E. 85] at 4).

Turning first to Google's Motion to Stay Discovery, Federal Rule of Civil Procedure 26(b)(1) states, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." It is well established that discovery rules are to be broadly and liberally construed. *See In re Theragenics Corp. Sec. Litig.*, 205 F.R.D. 631, 636 (N.D. Ga. 2002). Moreover, "[r]elevance has been construed broadly to include 'any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). In light of the liberal construction of the rules of discovery, a party must demonstrate good cause for a stay of discovery in a civil action. *See United States v. Swissco Properties Within the S. Dist. of Florida*, 821 F. Supp. 1472, 1474-75 (S.D. Fla. 1993) (denying plaintiff's motion to stay civil discovery) (citation omitted). Such good cause "must include a stringent showing on the part of the [moving party] that a stay is warranted." *Id.* at 1475.

Here, Google has not demonstrated good cause. Google's belief that the Court will likely grant its Motion for Summary Judgment and that the outstanding legal claims in this matter do not require discovery does not persuade given the liberal construction of the rules of discovery.[1] The

---

[1] This Order does not address F&G's Motion to Compel Discovery and for Sanctions [D.E. 71], which is set for argument before Magistrate Judge William C. Turnoff.

Case No. 06-60905-CIV-ALTONAGA/Turnoff

undersigned is cognizant of Google's concern that the continuation of discovery may subject Google to unnecessary legal fees and costs if the Court does grant its Motion for Summary Judgment. Consequently, upon the conclusion of the case, Google may move for attorney's fees and costs associated with responding to F&G's discovery requests if it can demonstrate that the discovery requests were frivolous in nature.

As to F&G's Request for Reconsideration, when the Court evaluated Google's initial Motion for Summary Judgment, the Court used F&G's proposed claim construction. Furthermore, F&G represented to the Court that "it [would] be beneficial to resolve the issues presented [in Google's Motion for Summary Judgment] before engaging in claim construction." (*Joint Mot. for Continuance of Claim Construction Deadlines* [D.E. 63] at 1). F&G's present Request for Reconsideration therefore fails to persuade, and the undersigned does not require further briefing from the parties to dispose of it.

Accordingly, it is

**ORDERED AND ADJUDGED** that Google's Cross-Motion to Stay Discovery **[D.E. 81]** and F&G's Request for Reconsideration on Rulings of Partial Summary Judgment of Non-Infringement **[D.E. 85]** are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 14th day of June, 2007.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Magistrate Judge William C. Turnoff
counsel of record

3