UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NO. 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

                Plaintiff,

v.

GOOGLE INC.,

                Defendant.

**GOOGLE INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON THE ISSUE OF DIRECT INFRINGEMENT**

## INTRODUCTION

Plaintiff F&G Research, Inc. ("F&G") seeks a one-month extension of time to respond to Google's pending motion for reconsideration or, in the alternative, for summary judgment on the only remaining claim -- the claim of "direct infringement." F&G asserts it needs time to obtain responses to pending discovery requests. F&G makes the conclusory assertion that the responses are "crucial and necessary to the preparation of F&G's response to Google's motion." Motion at 2. The motion should be denied for the reasons set forth below.

**A.**    **F&G Has Not Established That it Needs Discovery to Respond to the Motion**

F&G has not proved or even attempted to prove that it needs discovery to respond to Google's motion. At most, F&G has made a conclusory assertion that such discovery is "crucial and necessary." Such a conclusory assertion is insufficient. Rule 56(f) requires that a party claiming a need for discovery in opposition to a motion for summary judgment, set forth why it needs such discovery, and support the request with an affidavit. *See, e.g., Wallace v. Brownell*

- 1 -

*Pontiac-GMC Co.*, 703 F.2d 525, 527 (11th Cir. 1983) (Non-movant may not rely on vague assertions that discovery will produce needed facts, but must demonstrate how postponement of a ruling will enable it, through discovery, to rebut the movant's showing). F&G's failure to prove that it needs discovery is a sufficient basis to deny the motion.

**B.   F&G Does Not Need Discovery**

F&G does not need any discovery to respond to the motion. The motion turns on issues of law, not fact. F&G needs no discovery with respect to Google's motion for reconsideration. That motion is based entirely upon the existing record. In particular, the Court's March 29, 2007 order granting partial summary judgment held that Google's summary judgment motion did not encompass defendant's claim for direct infringement. *See* Order at 2, n.1. Google seeks reconsideration on the basis that F&G's Amended Complaint does not make a claim for direct infringement or, alternatively, that Google's motion for summary judgment, although focused on F&G's claims of contributory infringement and inducement of infringement, sought dismissal of the Amended Complaint in its entirety, and thus encompassed any theory of infringement. F&G needs no discovery on these issues, which are simply issues of law. Further, to the extent it seeks discovery with respect to the issues raised in the original motion, the request is untimely. In the alternative, Google seeks summary judgment on the claim of direct infringement. The motion is based on the following legal principles: (1) the distribution of software cannot, as a matter of law, constitute direct infringement of a method claim (unless the method claim were directed at the distribution of software); and/or (2) the method claim at issue in the instant case – claim 12 of the '229 patent – requires a "scrolling mouse" or other equivalent hardware that generates a "supplementary control signal." These are legal questions, not factual questions.

The critical fact supporting Google's motion is undisputed – Google is not in the business of distributing scrolling mice or equivalent hardware.[1] Even if the functionality of Google Earth

---

[1] Google submitted the Declaration of Brian McClendon in support of its original motion, but Mr. McClendon's testimony was directed at issues relating to contributory infringement and inducement of infringement. In particular, Mr. McClendon explained that Google Earth could work with any mouse or without a mouse, and that Google does

were relevant, the relevant functionality is undisputed, and is public information. Any member of the public can use Google Earth for free. F&G had access to the software before it filed the case (when it was obligated to conduct a Rule 11 investigation), and during the litigation. F&G has also had an opportunity to ask Mr. McClendon any questions concerning the software. F&G cannot plausibly assert that, at this point in the case, it still does not understand how the software works.

In light of these facts, F&G does not need any additional discovery.

### C. The Discovery Requests Served by F&G Seek Information Immaterial to Google's Motion

The specific discovery sought by F&G is immaterial to Google's motion. In particular, F&G has served interrogatories, document requests and a request for admission. See F&G motion, Exh. A-C. Each is directed at highly confidential information concerning the source code underlying Google Earth. Interrogatory No. 2, for example, seeks a "narrative as to operation of the source code embedded in the Google Earth software which carries out the input commands of a user to the graphic interface navigation compass. . . ." The document requests seek "all documents referring or relating to the SOURCE CODE to operate the Google Earth navigation compass graphic interface appearing on its software."

This discovery is immaterial to Google's motion on direct infringement. Google's motion does not rely on specific functionality of Google Earth software, much less specific functionality that may be disclosed in its confidential source code. As discussed above, Google's motion is based upon legal principles relating to the interpretation of claim 12 of the '229 patent. Specific details about the source code are irrelevant to Google's motion.

---

not know whether or what type of mouse is used by its customers, and does not encourage its customers to use unlicensed mice. These facts are not relevant to Google's motion for summary judgment on direct infringement. Regardless, as F&G has conceded (motion at 2), F&G has already taken the deposition of Mr. McClendon.

41063-0039/LEGAL13418393.1

**D.      The Court Should Not Further Delay Consideration of the Motion for Summary Judgment**

This case should never have been filed and should have been dismissed long ago. The Court has already indicated that it was inclined to grant sanctions, and a neutral evaluator has already recommended that F&G dismiss the case. Nevertheless, F&G and its counsel continue to pursue the case without any substantial basis. Some of the relevant events are:

- June 22, 2006 – F&G sues Google asserting that Google is "willfully and deliberately infringing the '229 patent by distributing and selling within the United States . . . various lines of scrolling wheel computer mice." Complaint, ¶ 7. Google explains to F&G that it does not distribute and sell "various lines of scrolling wheel computer mice," and asks F&G and its counsel to voluntarily withdraw the Complaint. They refuse.

- July 6, 2006 – Instead of dismissing the Complaint, F&G and its counsel file an Amended Complaint, asserting Google is infringing the '229 patent by "distributing within the United States, software compatible with scrolling mouse of the '229 patent." Amended Complaint, ¶ 7. The Amended Complaint asserts "specifically" that Google contributorily infringed the ''229 patent because the software is "specifically for use as part of the method covered by the ''229 patent," and is not "suitable for substantial non-infringing use. . . ." *Id.*, ¶11. In response, Google explains to F&G and its counsel that the claim is frivolous, because there are clearly substantial non-infringing uses for the Google software (e.g., with no mouse or with licensed mice), and Google has never induced any of its customers to use unlicensed mice or otherwise infringe. Nevertheless, F&G and its counsel refuse to dismiss the Amended Complaint.

- November 22, 2006 – Google serves its motion for summary judgment and for sanctions under Rule 11. By rule, F&G and its counsel have one month to withdraw the complaint and avoid the possibility of sanctions. They refuse.

- December 19, 2006 – Google files its motion for summary judgment and sanctions.

- February 22, 2007 – The Court hears argument on the motion for summary judgment. After the argument, the Court says it is "strongly inclined" to grant the motion in its entirety, including the requested sanctions. Hearing Transcript at 71. The Court requests that the parties discuss an amicable resolution, and submit a status report by March 2, 2007. The parties confer concerning settlement, but F&G refuses to dismiss its claims.

- March 7, 2007 – The Court grants summary judgment to Google on the only claims specifically articulated by F&G in its pleadings -- the claims for contributory infringement and inducement of infringement. The Court reserves

41063-0039/LEGAL13418393.1

its decision on sanctions until the issue of the direct infringement is resolved. Order at 19.

- April, 2007 – Following the Court's order, Google requests, again, that F&G withdraw its claims. Google offers, in exchange, to waive its request for sanctions. F&G and its counsel refuse.

- May, 2007 – The parties agree to submit the merits of the direct infringement claim to a neutral evaluator, Patrick Flinn of the Alston & Bird firm in Atlanta, Georgia. After briefing and argument, Mr. Flinn concludes that Google is likely to prevail on its motion for summary judgment, and encourages F&G to withdraw its case. F&G and its counsel refuse.

- June 6, 2007 – Google files it motion for reconsideration of summary judgment order or, in the alternative, for summary judgment on the issue of direct infringement.

- June 21, 2007 – The parties file a stipulation providing F&G until July 27, 2007 to respond to Google's motion for summary judgment, for the sole purpose of allowing F&G an opportunity to take Mr. McClendon's deposition. F&G does not, prior to Mr. McClendon's deposition, indicate that it will need further discovery to respond to the motion.

- July 13, 2007 – Mr. McClendon's deposition is taken. At the end of the declaration, Google again requests that F&G and its counsel dismiss the claims. They refuse.

- July 16, 2007 – F&G serves the discovery requests that are the subject of the pending motion.

As reflected above, this case has been pending for more than a year, and plaintiff and its counsel have had repeated opportunities to address the merits or withdraw the case. Although Google has tried to be patient with plaintiff and its counsel, no further delays are warranted, particularly where the discovery sought is irrelevant to the merits of Google's motion.

## CONCLUSION

For the reasons set forth above, plaintiff's motion should be denied, and the Court should consider the merits of Google's pending motion for reconsideration or, in the alternative, for summary judgment on the issue of direct infringement.

Respectfully submitted,

**FELDMAN GALE P.A.**

By: /s/ Christina DeAngelis
    Christina D. DeAngelis, Esq (Fla. Bar 664456)
    CDeAngelis@FeldmanGale.com
    Greg Hillyer, Esq. (Fla. Bar 0682489)
    GHillyer@FeldmanGale.com
    One Biscayne Tower, 30th Floor
    2 South Biscayne Blvd.
    Miami, FL 33131
    Telephone: 305-358-5001
    Fax: 305-358-3309

Of Counsel:

**PERKINS COIE LLP**
Ramsey M. Al-Salam
ralsalam@perkinscoie.com
1201 Third Avenue, 40th Floor
Seattle, Washington 98101
Telephone: 206-359-8000
Fax: 206-359-9000

Attorneys for Defendant Google, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC. I also certify that the document listed above is being served this day on Allen D. Brufsky, Esq., Allen Brufsky, P.A., 475 Galleon Drive, Naples, Florida 34102, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                        /s/ Christina DeAngelis

41063-0039/LEGAL13418393.1