display about the x-axis, which of course can take place indefinitely as long as the thumbwheel is being rotated. Also the "lever" of Clark is not spring-loaded and does not produce a signal which controls the rate of motion of the displayed object according to the "lever" displacement from the equilibrium position. The lever of applicants is much easier to use than the thumbwheel because a small difference in displacement could correspond to a large difference in scrolling rates.

Thus Clark suggests an alternative structure of the supplementary control device in the mouse. Since both the structure of Clark and the "lever" of the applicants cannot be used at the same time to control scrolling, Clark teaches away from the invention. It is well established that a reference which teaches away from the invention cannot be used to reject the invention for obviousness under 35 U.S.C.103. "The closest prior art reference would likely discourage the art worker from attempting the substitution suggested by [the inventor/patentee]". Gillette Co. v. S.C. Johnson & Sons. Inc., 919 F.2nd 720, 16 U.S.P.Q.2nd 1923 (Fed.Cir. 1990).

- 24 -

# EXHIBIT 3

Dockets.Justia.com

There is no teaching of spring-loading in Balta
for the purposes of providing a resistance in a switch
to help control the size of a continuously variable
signal for the purpose of control according to signal
size. The spring of Balta only has the purpose of
controlling the "touch" of the keys in the manner that a
control on a mechanical typewriter controls the
resistance the keys have to being pressed. On the other
hand the structure of applicants provides a spring
biasing so that it is easy to adjust the lever to a
number of different angular positions to control the
displacement amounts. Without the spring the lever of
the applicants could not be easily set for a particular
scrolling rate. Furthermore successively higher
scrolling rates require more and more turning force.
Therefore the references cannot be combined in the above
described manner to obtain the subject matter of claims
5, 10 and 11, because the structure that is obtained
when they are combined is different from that in the
claims. Also as mentioned above, Clark teaches away from
the structure of the lever-like key used in the
invention.

Withdrawal of the rejection of claims 5, 10 and 11
under 35 U.S.C. 103 as being obvious over MacKenzie in

- 25 -

# EXHIBIT 3

Because of the foregoing, withdrawal of the rejection of claims 2, 3, 4, 6 and 7 under 35 U.S.C. 103 as being obvious over MacKenzie, Castaneda and Balta, and further in view of Lecklider, is respectfully requested.

Claims 5, 10 and 11 were rejected under 35 U.S.C. 103 as being obvious over MacKenzie in view of Castaneda, Lecklider and Balta as applied to claim 4 and further in view of Clark '303.

Clark does <u>not</u> teach a lever easily operable by a thumb protruding from the housing, urged into an equilibrium position when not engaged with the digits of a user and movable between extreme limits under spring loading. Instead of a lever Clark teaches a thumbwheel which is described in column 7, lines 20 to 31, as an "unbounded device", i.e. the thumbwheel is freely rotatable, but ratcheted, so that as it is rotated in a certain direction a particular motion on the display takes place in a certain direction; i.e. if rotation about the x-axis is controlled by the thumbwheel, then rotating the thumbwheel keeps rotating the object on the

- 23 -

**EXHIBIT 3**