From: ABrufs@aol.com
Sent: Friday, December 22, 2006 11:43 AM
To: McBrayer, Ryan J. (Perkins Coie)
Cc: ghillyer@FeldmanGale.com; jparrish@cwiplaw.com; Al-Salam, Ramsey M. (Perkins Coie); jburatti@cwiplaw.com
Subject: Re: F & G Research, Inc. v. Google Inc.

I agree that we may save time by the stipulation as to what the terms of asserted claim 12 mean. Let me know what you would like and we will consider same.

/s/ allen d. brufsky
of counsel:
Christopher&Weisberg, P.A.
200 E. Las Olas Blvd.
suite 2040
Ft. Lauderdale, FL 33310
Tel:954-828-1488 Fax:954-828-9122
Email:abrufs@aol.com;abrufsky@cwiplaw.com

**EXHIBIT 1**

| | |
|---|---|
| From: | McBrayer, Ryan J. (Perkins Coie) |
| Sent: | Friday, December 22, 2006 10:47 AM |
| To: | ABrufs@aol.com |
| Cc: | Gregory L. Hillyer; 'Judith Parrish'; Al-Salam, Ramsey M. (Perkins Coie); Jason R. Buratti |
| Subject: | RE: F & G Research, Inc. v. Google Inc. |
| Attachments: | Brufsky Ltr re claim terms.pdf |

Mr. Brufsky,
Please find our letter regarding claim construction attached.

Best Regards,
Ryan McBrayer

---

**From:** Judith Parrish [mailto:jparrish@cwiplaw.com]
**Sent:** Thursday, December 21, 2006 2:04 PM
**To:** McBrayer, Ryan J. (Perkins Coie)
**Cc:** Gregory L. Hillyer; ABrufs@aol.com; Al-Salam, Ramsey M. (Perkins Coie); Jason R. Buratti
**Subject:** F & G Research, Inc. v. Google Inc.

Dear Mr. McBrayer,

The attached is for your review.

Sincerely,

**Judith A. Parrish**
Intellectual Property Litigation Paralegal
CHRISTOPHER & WEISBERG, P.A.
200 East Las Olas Boulevard, Suite 2040
Fort Lauderdale, Florida 33301
Telephone: (954) 828-1488
Facsimile: (954) 828-9122
E-mail: jparrish@cwiplaw.com

This email contains PRIVILEGED and CONFIDENTIAL information intended only for the use of the addressee(s) named above. If you are not the intended recipient of this email, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this email is strictly prohibited. If you have received this email in error, please immediately notify the sender above by telephone (collect call if necessary) and delete the email from your system. Thank you.

**EXHIBIT 1**



Ryan J. McBrayer
PHONE (206) 359-3073
FAX (206) 359-4073
EMAIL RMcBrayer@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

December 22, 2006

VIA EMAIL

Allen D. Brufsky, Esq.
Christopher & Weisberg, P.A.
200 East Las Olas Blvd., Suite 2040
Fort Lauderdale, FL 33301

Re:   F&G Research v. Google Inc., Case No. 06-60905, in
      U.S. District Court for the Southern District of Florida

Dear Allen:

This letter provides notice of the claim terms Google proposes for construction in accordance with the Court's October 3, 2006 Order. Based on our conferences and your assertions to date, we understand F&G to be asserting only claim 12 of the '229 patent in this litigation. We have limited our proposal accordingly. Please contact me immediately if F&G asserts additional claims.

We suggest the following claim terms require further construction:

- Supplementary control means for generating a supplementary control signal;

- Supplementary control signal;

- Means for generating x-y incremental movement information for positioning a cursor;

- Binary control means for generating binary control commands;

- Communication means for transmitting said movement information and said binary control information to said computer;

- Programmable circuit means in said computer for generating said display means;

41063-0039/LEGAL12918923.1

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C.
Perkins Coie LLP and Affiliates

**EXHIBIT 1**

Allen D. Brufsky, Esq.
December 22, 2006
Page 2

- Display means;

- Display areas accessible by said cursor for triggering execution of scrolling commands on receipt of said binary control commands;

- Analyzing a trail of said cursor;

- According to a dominant access of said cursor trail;

- Scrolling commands;

- Setting a scrolling axis to a direction option;

- According to a sign of said supplementary control signal; and

- Scrolling in a scrolling direction along said scrolling axis.

Please contact me at your soonest convenience to discuss this list further, including the possibility of agreeing to certain constructions.

In light of your letter of yesterday that named no specific claim terms, we assume the above terms are the only terms at issue in claim construction.

Very truly yours,

Ryan J. McBrayer

RJM:nr

41063-0039/LEGAL12918923.1

**EXHIBIT 1**

| | |
|---|---|
| From: | McBrayer, Ryan J. (Perkins Coie) |
| Sent: | Friday, February 09, 2007 8:46 AM |
| To: | 'abrufs@aol.com' |
| Cc: | Al-Salam, Ramsey M. (Perkins Coie); 'Gregory L. Hillyer' |
| Subject: | RE: F&G v. Google - Preliminary issues to simplify claim construction |

Allen,
Are you available today to discuss this?
Ryan

| | |
|---|---|
| From: | McBrayer, Ryan J. (Perkins Coie) |
| Sent: | Wednesday, February 07, 2007 3:52 PM |
| To: | 'abrufs@aol.com' |
| Cc: | Al-Salam, Ramsey M. (Perkins Coie); 'Gregory L. Hillyer' |
| Subject: | F&G v. Google - Preliminary issues to simplify claim construction |

Allen,

Thanks for the call. As I discussed, I think we can start simplifying the *Markman* process by agreeing that the "display means" is the computer display and that the five terms at the top of Claim 12 (listed below) are means-plus-function terms.
1) Supplementary control means for generating a supplementary control signal;
2) Means for generating x-y incremental movement information for positioning a cursor
3) Binary control means for generating binary control commands;
4) Communication means for transmitting said movement information and said binary control information to said computer; and
5) Programmable circuit means in said computer for generating said display means.

I hope to finish the discussion with our client in the coming days and be able to get you our proposed definitions by Friday. I think any discussion you and I have thereafter, along with our *Markman* briefs, will be simplified if we agree on the above. It would be nice to have discussions and briefs that do not require coming up with ten alternative positions regarding these five terms. Please let me know your thoughts.

Best Regards,
**Ryan McBrayer**
Perkins Coie LLP
1201 3rd Ave, Suite 4800
Phone    (206) 359-3073
Direct fax  (206) 359-4073

**EXHIBIT 1**

**Perkins Coie**

Ryan J McBrayer
PHONE (206) 359-3073
FAX (206) 359-4073
EMAIL RMcBrayer@perkinscoie.com

1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
PHONE: 206.359.8000
FAX: 206.359.9000
www.perkinscoie.com

February 12, 2007

*VIA E-MAIL*

Mr. Allen D. Brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, FL 34102

Re:   F & G Research, Inc. v. Google Inc., Case No. 06-60905
      in U.S.D.C. for the Southern District of Florida

Dear Allen:

This letter confirms our phone conference and emails this morning in which we agreed to stipulate to certain legal issues and claim term definitions. First, we agreed the following claim limitations are written in means-plus-function format and should be interpreted pursuant to 35 USC §112 ¶6:

- Supplementary control means for generating a supplemental control signal;
- Means for generating X-Y incremental movement information for positioning a cursor;
- Binary control means for generating binary control commands;
- Communication means for transmitting said movement information and said binary control information to said computer; and
- Programmable circuit means in said computer for generating said display

We believe our agreement on this first issue is crucial to limiting the scope of claim construction proceedings in this case. Without it, the parties will be forced to develop and brief a series of alterative constructions. Accordingly, please contact me immediately if you do not agree with this first stipulation.

We next discussed Google's proposed definitions for certain claim terms. We disagreed regarding whether the computer hardware recited in the first 22 lines of Claim 12 (see '229

41063-0039/LEGAL13020601.1

ANCHORAGE · BEIJING · BELLEVUE · BOISE · CHICAGO · DENVER · LOS ANGELES
MENLO PARK · OLYMPIA · PHOENIX · PORTLAND · SAN FRANCISCO · SEATTLE · WASHINGTON, D.C

Perkins Coie LLP and Affiliates

**EXHIBIT 1**

Mr. Allen D. Brufsky
February 12, 2007
Page 2


Patent, at 5:28-50) are required limitations. We will present this issue to the Court. We agreed, however, that to the extent the Court decides that some or all of the terms recited in the first 22 lines of Claim 12 are required limitations, the Court should then construe the limitations as follows:

| Claim Term | Definition |
|---|---|
| Supplementary control means for generating a supplementary control signal | Means-plus-function term<br><br>Function: Generating a supplementary control signal.<br><br>Structure: Described in Figures 1a and 2b, and at col. 6:5-64. A spring-loaded lever, protruding from the side of a mouse, pivotally mounted on a base with a sensor to detect the amount of displacement. |
| Supplementary control signal | A scrolling signal generated in a computer mouse in response to displacement of the supplementary control means. |
| Means for generating x-y incremental movement information for positioning a cursor | Means-plus-function term<br><br>Function: Generating xy incremental movement information for positioning a cursor.<br><br>Structure: A device in a mouse capable of tracking the x-y movement of the mouse. |
| Binary control means for generating binary control commands | Means-plus-function term<br><br>Function: Generating binary control commands.<br><br>Structure: Pushbuttons on the mouse designed to be manipulated by the hand that holds and moves the mouse. |
| Communication means for transmitting said movement information and said binary control information to said computer | Means-plus-function term<br><br>Function: Transmitting movement information and binary control information to the computer.<br><br>Structure: A wire or wireless signal transmitter |

41063-0039/LEGAL13020892.1

**EXHIBIT 1**

Mr. Allen D. Brufsky
February 12, 2007
Page 3

| Claim Term | Definition |
|---|---|
|  | connecting the mouse to the computer. |
| Display means | A computer display (*e.g.*, a computer monitor or screen) and the information depicted on it. |
| Display areas accessible by said cursor for triggering execution of scrolling commands on receipt of said binary control commands | Visible and defined areas within the computer display in which a cursor can be placed to direct scrolling if the mouse binary switch is triggered while the cursor is in the display area (*e.g.*, window scrolling bars). |
| Analyzing a trail of said cursor | The mouse driver software determines the magnitude of accumulated cursor movement in the x and y directions and evaluates the magnitude for each axis. |
| According to a dominant axis of said cursor trail | In the direction of the x, y or z axis along which the cursor has moved the most during an immediately preceding time interval. |
| Scrolling commands | A software message that indicates rate and direction of a scrolling event to a software application program. |
| Setting a scrolling axis to a direction option | Defining the direction in which the display will scroll. |
| Scrolling in a scrolling direction along said scrolling axis | Moving the information on the computer display in the direction and along the axis that the user commanded with the mouse |
| According to a sign of said supplementary control signal | In the positive or negative direction commanded by the user with the supplementary control means |

Finally, we agreed that each definition above applies to the term itself. Our agreement does not address the existence or scope of equivalents under 35 U.S.C. §112 ¶6 and/or the doctrine of equivalents.

41063-0039/LEGAL13020892.1

**EXHIBIT 1**

Mr. Allen D. Brufsky
February 12, 2007
Page 4

Thank you for the opportunity to discuss these stipulations in such detail; we believe our agreement will significantly and properly narrow the issues the Court must address during claim construction. Please contact me immediately if you do not concur with my summary of our agreement.

Very truly yours,

Ryan J. McBrayer

41063-0039/LEGAL13020892.1

**EXHIBIT 1**

| | |
|---|---|
| **From:** | McBrayer, Ryan J. (Perkins Coie) |
| **Sent:** | Thursday, February 15, 2007 9:22 AM |
| **To:** | 'ABrufs@aol.com' |
| **Cc:** | Reynolds, Nadine (Perkins Coie) |
| **Subject:** | RE: F&G v. Google - Preliminary issues to simplify claim construction |
| **Attachments:** | Document.pdf |

Allen:
I sent this letter Monday but received no response. I want to make sure I correctly understand our agreement. Please confirm that this letter accurately summarizes our agreement to simplify claim construction.

Best Regards,
Ryan

---

**From:** ABrufs@aol.com [mailto:ABrufs@aol.com]
**Sent:** Friday, February 09, 2007 12:51 PM
**To:** McBrayer, Ryan J. (Perkins Coie)
**Subject:** Re: F&G v. Google - Preliminary issues to simplify claim construction

ok

/s/ allen d. brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, Florida 34102
Tel:239-963-9641
Fax:239-263-3441
Email:abrufs@aol.com

**EXHIBIT 1**

From: ABrufs@aol.com
Sent: Thursday, February 15, 2007 9:25 AM
To: McBrayer, Ryan J. (Perkins Coie)
Subject: Re: F&G v. Google - Preliminary issues to simplify claim construction

I am sorry; but, yes, this is what was agreed.

/s/ allen d. brufsky
Allen D. Brufsky, PA
475 Galleon Drive
Naples, Florida 34102
Tel:239-963-9641
Fax:239-263-3441
Email:abrufs@aol.com

**EXHIBIT 1**