UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

    Plaintiff,

vs.

GOOGLE INC.,

    Defendant.

**F & G RESEARCH, INC. 'S REPLY TO DEFENDANT GOOGLE INC.'S
OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDGMENT**

Plaintiff F & G Research, Inc. ("F&G"), by and through its undersigned counsel hereby replies to Defendant Google Inc.'s ("Google") response opposing the cross-motion for summary judgment as follows:

Google has failed to address any of the issues raised in support of the case for summary judgment; particularly:

- Google has not contested any of the statement of undisputed facts supplied by F&G in support of its motion (D.E.# 109).

- There has been no mention or Response to F&G's Request for Admissions served on July 16 and 17th (attached hereto as Exhibit A). Under *Fed. R. Civ. P.* 36, the statements of fact must be taken as true.

- The McClendon deposition, on which the cross-motion is based, is not even mentioned in its opposing papers. McClendon's declaration and deposition

1

establishes without any factual doubt that the method need not be carried out by a scrolling mouse, and indeed, any mouse.

- Claim construction requested on the sale (or distribution) of the software by Google, as a direct infringement (and **not, as heretofore relied upon by the Court--** the computer user's direct infringement) has not been addressed.

- Inducement of infringement under 35 U.S.C. § 271(b) by a computer user based on the claim construction of the method steps **performed by the navigation compass** embedded in the software sold by Google, **and not by a scrolling mouse.**

- The intent of Google to induce such infringement, even if there are non-infringing licensed uses.

Not until page 13 of its 14 page Reply Brief, does Google even get to the crux of the matter, wherein its states its conclusions without any support or factual evidence:

> "Google does not deny that its Google Earth software allows a user to navigate across the screen. This navigation ability does not infringe the '229 patent. F&G did not invent mice, scrolling mice, or software that allows navigation across a screen. See footnote 2. The '229 patent is not directed at software navigation; it is directed at a method of operating a computer using a particular type of mouse. Although F&G may wish it had invented tools for navigation on a display, the '229 patent does not, as a matter of law, have such a scope"

The truth of the matter is, as a matter of law, it **does** have such scope, which is exactly the reason for the request for claim construction, as clearly expressed to Mr. McBrayer in the emial of February 12, 2007, (attached hereto as Exhibit B), and this conclusion is supported not by the file wrapper history noted in footnote 2, of the Opposition (page 8), but by the fact that the method claims were allowed without amendment on the first Office Action, thereby negating any file wrapper estoppel.

*See e.g., Jonsson v. Stanley Works*, 903 F.2d 812 (Fed. Cir. 1990) [amendment to claim adding element limitation provides estoppel that if element is excluded from alleged infringing device, there is no infringement]. *Litton Sys. v. Honeywell, Inc.*, 140 F.3d 1449 (Fed. Cir. 1998) [prosecution estoppel only bars recapture of that subject matter actually surrendered during prosecution].

Further, while the theory of the case may have changed (e.g., as to what claims are infringed and by whom and by what devise or method), this is not unusual in the course of litigation, as pointed out by the Federal Circuit in *Beckson Marine, Inc. v. NFM, Inc.*, 292 F.3d 718, 726 (Fed. Cir. 2002):

> "At one point, Beckson asserted that the NFM oval portlight literally infringed the *'350* claims. This assertion, however, does not serve as an admission that the *'350* patent encompasses the prior art, thus rendering that patent invalid. Beckson's allegation of infringement before it realized that the oval portlight was prior art was based on its subjective belief at the time regarding the scope of its claims. **These litigation theories - to the extent not expressed in claim language, the patent specification, or the prosecution history - do not affect claim scope or bear on patent validity.** Thus, Beckson's assertion of infringement, standing alone, does not admit the invalidity of the *'350* patent. On the other hand, if the record shows that Beckson asserted infringement against the NFM oval portlight based on a claim construction identical [**17] to the correct judicial claim construction, then Beckson's assertion could serve as additional evidence of invalidity, or even anticipation. After all, "[HN12], that which will [literally] infringe, if later, will anticipate, if earlier." See, e.g., *Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744, 747, 3 U.S.P.Q.2D (BNA) 1766, 1768 (Fed. Cir. 1987)." (emphasis added)

F&G's claims here, are clearly encompassed by the Amended Complaint (D.E.# 4) ¶¶7, 8 and 9. That is sufficient to raise the new issues of claim interpretation or construction.

F&G's issues of claim construction and direct and inducement of infringement are set forth in detail in its Memorandum in Chief and need not be repeated here and in fact, as indicated *supra*, **stand admitted and uncontested by the deposition of McClendon, the Admissions of Record under Rule 36, second sentence, second paragraph, and the McClendon declaration.**

With regard to inducement however, Google has stated that even if the method is practiced by a computer user, the only intent was for use of a scrolling mouse, which was licensed. This is a fabrication. **As clearly stated by McClendon in his deposition (submitted under seal), the alternative method as espoused in the instructions for use of the navigation software is not to use a scrolling mouse, but to hold down the left button of a mouse and apply the navigation commands.**

The Supreme Court of the United States in the recent case of *Metro-Goldwyn- Mayer Studios , Inc. v. Grokster, Ltd.,* 125 S. Ct. 2764 (2005) has spoken to the situation here, on the issue of intent .**Where there are both infringing and non-infringing uses, for purposes of showing inducement of infringement, the intent is to be determined that the user apply the infringing teachings, so that the infringer not escape liability, and intent is shown where, as here, the evidence shows that the distributor of a product (the software) intended and encouraged the product be used to infringe by the use of any mouse and not just the scrolling mouse.**

For the foregoing reasons, Google should be adjudged to either directly infringe the method claims of the '229 patent or to have aided and abetted the infringement by a user of Google Earth.

Respectfully submitted,

ALLEN D. BRUFSKY, PA

Dated: August 23, 2007          By:     s/Allen D. Brufsky
Allen D. Brufsky, Esq.
Florida Bar Number 133980
475 Galleon Drive
Naples, Florida 34102
(239)-963-9641 (tel)
(239)-263-3441 (fax)
abrufs@aol.com (email)
*Attorneys for the Plaintiff,
F & G Research, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this $2^{rd}$, day of June, 2007, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record: **Gregory Hillyer and Ramsey Al-Salam,** and I certify that I have mailed the foregoing document to the following parties or counsel of record who are non-CM/ECF participants: NONE.

                                              s/ Allen D. Brufsky
                                              Allen D. Brufsky, Esq.