UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

        Plaintiff,

vs.

GOOGLE INC.,

        Defendant.

## PLAINTIFF'S MOTION AND MEMORANDUM OF LAW TO COMPEL DISCOVERY AND FOR SANCTIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 37(d)

Plaintiff, F & G Research, Inc. ("F&G"), by and through its undersigned counsel, hereby moves for an Order pursuant to the Federal Rule of Civil Procedure 37(d), directing Defendant, Google, to furnish complete Responses to Plaintiff's Requests for Admission, Interrogatories, and Requests for Production of Documents. The responses received to date are appended hereto as Exhibit A.

### Facts

On August 20, 2007, Google responded to a set of requests for admission, interrogatories, and document production requests served on July 16 and 17, 2007 appended hereto as Exhibit A.

These were necessitated as a follow up to the deposition of Google's software design engineer, Brian McClendon, taken on July 13, 2007 in Palo Alto, CA. This was the third time this deposition was noted, because Defendant Google refused to produce this individual to be deposed. After consultation in a good faith attempt to resolve this matter, and the filing of a

1

Motion to Compel, Google finally agreed to the deposition. On the day after the deposition was completed, Plaintiff served on Google Request for Admissions, Interrogatories and Requests for Production of Documents.

Pending for resolution is a Motion for Summary Judgment of Non-Infringement filed by Google, which has been responded to by F&G, in part, by bringing its own crosss-motion for Summary Judgment for Infringement. By Order dated July 27, 2007, Google claims that the Court denied "plaintiff's request for discovery prior to having to respond to the motion". This is not the case, as the Order was merely a denial of Plaintiff's motion to extend the time to respond to Google's Motion for Reconsideration and Motion for Summary Judgment for Direct Infringement. After much discussion, the parties stipulated that the deposition of McClendon although noted prior to the discovery cut off a number of times, could proceed on July 13, 2007, subsequent to the discovery date. Plaintiff's discovery requests are merely a follow-up to the stipulated deposition. Google even responded to some of the discovery, while some was objected to, without merit, prompting this Motion to Compel.

After receipt of the discovery answers and objections, counsel for F&G wrote Google's counsel that the responses were inadequate (Exhibit B hereto) and in order to see whether the issues could be resolved before bringing on a Motion to Compel. The letter was never responded to and apparently ignored, requiring this Motion to Compel to be filed.

In addition to the inadequacies noted in Exhibit B, attached as Exhibit C hereto is an expert report reading the steps of claims 12-14 of the '229 patent in suit on the method performed by Google Earth software in the context of an operating system, such as Windows XP, indicating that the response to them are NOT irrelevant, as claimed, and reasonably calculated to lead to admissible evidence.

2

### Certificate of Good Faith

In accordance with the Local Rule 7.1.A.3 and Fed. R. Civ. P. 37(a)(2), counsel for F&G has made a good faith effort to resolve the discovery dispute discussed herein by conferring with counsel for Google, which has been ignored

### Motion for Sanctions and Attorneys Fees

Google's refusal to respond to the discovery noted has necessitated the filing of this motion to compel. As an appropriate sanction, Plaintiff requests that Google bear the costs incident to the Motion for a failure to abide by the rules of discovery.

### Conclusion

For the foregoing reasons stated herein, Plaintiff respectfully requests this Court enter an Order compelling Defendant Google to answer the discovery in Exhibit A, within five (5) days of the date of a ruling on this motion, together with costs and fees associated with the preparation and filing of this motion, and such other further relief as this Court may deem just and proper.

Respectfully submitted,

ALLEN D. BRUFSKY, PA

Dated: Sept. 4, 2007            By:     s/ Allen D. Brufsky
                                        Allen D. Brufsky, Esq.
                                        Florida Bar Number 133980
                                        475 Galleon Drive
                                        Naples, Florida 34102
                                        (239)-963-9641 (tel)
                                        (239)-263-3441 (fax)
                                        abrufs@aol.com (email)
                                        *Attorneys for the Plaintiff,*
                                        *F & G Research, Inc.*

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th, day of September, 2007, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to the following counsel of record: **Gregory Hillyer and Ramsey Al-Salam,** and I certify that I have mailed the foregoing document to the following parties or counsel of record who are non-CM/ECF participants: NONE.

s/ Allen D. Brufsky
Allen D. Brufsky, Esq.
