# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

        Plaintiff,

vs.

GOOGLE INC.
        Defendant.

## DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Defendant Google Inc. ("Google") responds to plaintiff's first set of requests for admissions as follows:

### GENERAL OBJECTIONS

In response to each of the requests for admissions individually, and the requests for admissions as a whole, Google objects to the requests as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome, particularly in light of Google's pending motion for summary judgment. Any discovery should await the Court's resolution of that motion. Indeed, the Court has already denied plaintiff's request for discovery prior to having to respond to the motion. See July 27, 2007 Order.

### RESPONSES TO SPECIFIC REQUESTS

Google incorporates the general objections above into each of the requests below. In addition, Google responds to the specific requests as follows:

REQUEST FOR ADMISSION 1: The source code relating to the operation of the Google Earth software carries out the execution of input scrolling commands to the graphic interface navigation compass to move a display associated with said navigation compass in response to a mouse cursor or other input device positioned on the navigation compass triggering such a command.

RESPONSE: Google objects to the request as vague and confusing, in part because "input scrolling commands" is unduly vague and "source code" is human-readable code that does not directly perform any of the functions identified in the request. Google also objects to the request as seeking an admission that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Google admits that the "navigation compass" on Google Earth software is designed to allow a user to "click" on the compass so as to change the portion of Earth being displayed on the screen.

REQUEST FOR ADMISSION 2: The source code is capable of executing movement of the display controlled by the navigation compass in an X (left-right), Y (up/down) and Z (in-out or zoom) direction on said display.

RESPONSE: Google objects to the request as vague and confusing, in part because "source code" is human-readable code that does not directly perform any of the functions identified in the request. Google further objects to the request as seeking an admission that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Google admits that a user can "click" on the navigation compass on Google Earth to change the image being displayed to pan to the left, to the right, and up, and down, and to zoom in and out.

-2-

REQUEST FOR ADMISSION 3: The source code will generate a command of variable sign and magnitude in response to the input command to the graphic interface navigation compass.

RESPONSE: Google objects to the request as vague and confusing, in part because "variable sign and magnitude" is an ambiguous term, and "source code" is human-readable code that does not directly perform any of the functions identified in the request. Google further objects to the request as seeking an admission that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that the request seeks a legal conclusion concerning the meaning of language in the claims of the '229 patent. Without waiving these objections, the request is denied.

REQUEST FOR ADMISSION 4: The source code will analyze a trail of the cursor of the input device at periodic time intervals, dynamically set a status variable according to a dominant axis of said cursor trail at said time intervals, and according to the status variable, set a scrolling axis to a direction option including an up-down option, a left-right option and an in-out option for movement on the display.

RESPONSE: Google objects to the request as vague and confusing, in part because "status variable" and "direction option" are ambiguous and "source code" is human-readable code that does not directly perform any of the functions identified in the request. Google further objects to the request as seeking an admission that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that the request seeks a legal conclusion concerning the meaning of language in the claims of the '229 patent. Without waiving these objections, the request is denied.

**REQUEST FOR ADMISSION 5:** The source code will generate scrolling on the display along a scrolling axis determined by the status variable set as stated in request for admission 4 and according to a sign generated by the source code.

**RESPONSE:** Google objects to the request as vague and confusing, in part because "status variable" and "sign" are ambiguous and "source code" is human-readable code that does not directly perform any of the functions identified in the request. Google further objects to the request as seeking an admission that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that the request seeks a legal conclusion concerning the meaning of language in the claims of the '229 patent. Without waiving these objections, the request is denied.

**REQUEST FOR ADMISSION 6:** The patent in suit alleged to be infringed is valid.

**RESPONSE:** Google objects to the request as overly broad, vague and as seeking a legal conclusion on an ultimate issue in the case, which includes the meaning of the claims and the scope of the prior art. The Federal Rules of Civil Procedure limits requests for admission to "statements or opinions of fact or the application of law to fact." Google further objects to the request as premature insofar as discovery is proceeding.

**REQUEST FOR ADMISSION 7:** There is no prior art known to Defendant which would anticipate the claimed inventions of the patent as defined by the claims.

**RESPONSE:** Google objects to the request as overly broad, vague and as seeking a legal conclusion on an ultimate issue in the case, which includes the meaning of the claims and the scope of the prior art. The Federal Rules of Civil Procedure limits requests for admission to "statements or opinions of fact or the application of law to fact." Google further objects to the request as premature insofar as discovery is proceeding.

**REQUEST FOR ADMISSION 8:** There is no prior art known to Defendant which would render the claimed inventions of the patent in suit obvious to one of ordinary skill in the art.

**RESPONSE:** Google objects to the request as overly broad, vague and as seeking a legal conclusion on an ultimate issue in the case, which includes the meaning of the claims and the scope of the prior art. The Federal Rules of Civil Procedure limits requests for admission to "statements or opinions of fact or the application of law to fact." Google further objects to the request as premature insofar as discovery is proceeding.

**REQUEST FOR ADMISSION 9:** The source code relating to the operation of the Google Earth software carries out the execution of input scrolling commands to the graphic user interface navigation compass to move a view associated with said navigation compass in response to mouse events on the navigation compass triggering such a command.

**RESPONSE:** Google objects to the request as vague and confusing, in part because "input scrolling commands" and "mouse events" are unduly vague and "source code" is human-readable code that does not directly perform any of the functions identified in the request. Google objects to the request as seeking an admission that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Google admits that the "navigation compass" on Google Earth software is designed to allow a user to "click" to change the image being displayed to pan to the left, to the right, and up, and down, and to zoom in and out.

**REQUEST FOR ADMISSION 10:** In a context in which a user operates Google Earth with a two button mouse, said user placing said mouse cursor over the JOYSTICK SUB-ELEMENT OF THE NAVIGATION COMPASS, and said user moving said mouse in any

-5-

direction away from its start position, below the joystick, while maintaining the left mouse button pressed, the source code is capable of executing movement of the view controlled by the navigation compass in an X(left-right),Y(up down) direction on said view.

RESPONSE: Google objects to the request as vague and confusing, in part because "JOYSTICK SUB-ELEMENT OF THE NAVIGATION COMPASS" is ambiguous and "source code" is human-readable code that does not directly perform any of the functions identified in the request. Google further objects to the request as seeking an admission that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Google admits that Google Earth allows a user to change the image being displayed by holding down the left button of a mouse and moving the mouse.

REQUEST FOR ADMISSION 11: In a context in which a user operates Google Earth with a two button mouse, said user placing the mouse cursor over the JOYSTICK SUB-ELEMENT OF THE NAVIGATION COMPASS, and said user further moving said mouse in any direction away from its start position, below the joystick, while maintaining the left mouse button pressed, the source code will generate a command of variable sign and magnitude in response to the input command to the graphic interface navigation compass.

RESPONSE: Google objects to the request as vague and confusing, in part because "JOYSTICK SUB-ELEMENT OF THE NAVIGATION COMPASS" and "variable sign and magnitude" are ambiguous and "source code" is human-readable code that does not directly perform any of the functions identified in the request. Google further objects to the request as seeking an admission that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that the request seeks a legal

conclusion concerning the meaning of language in the claims of the '229 patent. Without waiving these objections, the request is denied.

**REQUEST FOR ADMISSION 12:** In a context in which a user operates Google Earth with a two button mouse, said user placing said mouse cursor over the JOYSTICK SUB-ELEMENT OF THE NAVIGATION COMPASS, and said user further moving said mouse in any direction away from its start position below the joystick, while maintaining the left mouse button pressed, the source code will analyze all the "mouse events" related to "mouse is moved" captured by the graphic interface "navigation compass", and dynamically setting a status variable according to the position of the dominant axe of the "navigation compass" joystick, and according to said status variable, set a scrolling axis to a direction option including an up down option; a left-right option and an in-out option for movement on the view.

**RESPONSE:** Google objects to the request as vague and confusing, in part because "JOYSTICK SUB-ELEMENT OF THE NAVIGATION COMPASS," "status variable" and "mouse events" are ambiguous and "source code" is human-readable code that does not directly perform any of the functions identified in the request. Google further objects to the request as seeking an admission that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the extent that the request seeks a legal conclusion concerning the meaning of language in the claims of the '229 patent. Without waiving these objections, the request is denied.

**REQUEST FOR ADMISSION 13:** In a context in which a user operates Google Earth with a two button mouse, said user placing said mouse cursor over the JOYSTICK SUB-ELEMENT OF THE NAVIGATION COMPASS, and said user further moving said mouse in any direction away from its start position below the joystick, while maintaining the left mouse

button pressed, the source code will generate scrolling on the view along a scrolling axis determined by the status variable set as stated in request for admission 12 and according to "mouse events" of the type "mouse is moved" captured by the source code.

**RESPONSE:** Google objects to the request as vague and confusing, in part because "JOYSTICK SUB-ELEMENT OF THE NAVIGATION COMPASS" and "mouse events" are ambiguous and "source code" is human-readable code that does not directly perform any of the functions identified in the request. Google further objects to the request as seeking an admission that is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Google admits that the navigation compass on Google Earth allows a user to change the image being displayed by "clicking" on the compass while holding down the left button of a mouse and moving the mouse.

DATED: August 26, 2007.

By: /s/ _____
Ramsey Al-Salam (Pro Hac Vice)
RAlSalam@perkinscoie.com
Ryan J. McBrayer (Pro Hac Vice)
RMcBrayer@perkinscoie.com
**PERKINS COIE** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8000
Attorneys for Google Inc.

-8-

## CERTIFICATE OF SERVICE

On August 20, 2007, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following documents:

**DEFENDANT GOOGLE, INC.'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS**

| | |
|---|---|
| Allen D. Brafsky<br>abrufs@aol.com<br>475 Galleon Drive<br>Naples, FL 34102<br>Ph. (239) 963-9641 Fax (239) 263-3441 | ___ Via hand delivery<br>_X_ Via U.S. Mail, 1st Class, Postage Prepaid<br>___ Via Overnight Delivery<br>___ Via Facsimile<br>___ Via Email (courtesy copy) |

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: August 20, 2007.

By: _____
Ramsey Al-Salam (Pro Hac Vice)
RAlSalam@perkinscoie.com
Ryan J. McBrayer (Pro Hac Vice)
RMcBrayer@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8000

Attorneys for Google Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

    Plaintiff,

vs.

GOOGLE INC.

    Defendant.

## DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Google Inc. ("Google") responds to plaintiff's first set of interrogatories as follows:

### GENERAL OBJECTIONS

In response to each of the interrogatories individually, and the interrogatories as a whole, Google objects for the following reasons:

1. The interrogatories are overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome, particularly in light of Google's pending motion for summary judgment. Any discovery should await the Court's resolution of that motion. Indeed, the Court has already denied plaintiff's request for discovery prior to having to respond to the motion. See July 27, 2007 Order.

2. Google objects to the "Instructions" and "Definitions" to the extent plaintiff interprets them as imposing obligations beyond those imposed by the Federal Rules of Civil

Procedure or the Local Rules of the Court. Google also objects to the "Definitions" as confusing insofar as they include definitions for terms that are not used in the interrogatories themselves.

3.      Google objects to providing confidential information prior to the entry of an appropriate protective order.

## RESPONSES TO INTERROGATORIES

Google incorporates by reference each of the objections above into its responses to Plaintiff's First Set of Interrogatories. In addition, Google responds to the interrogatories as follows:

**INTERROGATORY NO. 1:** State the name, corporate title or position held, and both business and residence addresses of the person(s) answering these interrogatories.

**ANSWER:** Google objects to the interrogatory as overly broad, as seeking information not reasonably calculated to lead to the discovery of admissible evidence (e.g., residence addresses), and as seeking information protected by the attorney-client privilege and/or work product immunity. Without waiving this objection, Google's counsel of record was primarily responsible for the responses to these interrogatories.

**INTERROGATORY NO. 2:** Please provide a narrative as to operation of the source code embedded in the Google Earth software which carries out the input commands of a user to the graphic interface navigation compass ; and specifically

(a)     how the source code responds to the command; and

(b)     what steps are carried out by the source code for each command noted in interrogatory 2(a).

**ANSWER:** Google objects to the interrogatory as vague, overly broad, unduly burdensome and as seeking confidential information not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to the interrogatory as duplicative of

-2-

discovery of admissible evidence. Google further objects to the interrogatory as duplicative of information elicited by plaintiff, or which should have been elicited by plaintiff, at the deposition of Brian McClendon.

DATED: August 20, 2007.

By: _____
Ramsey Al-Salam (Pro Hac Vice)
RAlSalam@perkinscoie.com
Ryan J. McBrayer, (Pro Hac Vice)
RMcBrayer@perkinscoie.com
**PERKINS COIE** LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8000
Attorneys for Google Inc.

## CERTIFICATE OF SERVICE

On August 20, 2007, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following documents:

**DEFENDANT GOOGLE, INC.'S RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

| | | |
|---|---|---|
| Allen D. Brufsky | ___ | Via hand delivery |
| abrufs@aol.com | _X_ | Via U.S. Mail, 1st Class, |
| 475 Galleon Drive | | Postage Prepaid |
| Naples, FL 34102 | ___ | Via Overnight Delivery |
| Ph. (239) 963-9641 Fax (239) 263-3441 | ___ | Via Facsimile |
| | ___ | Via Email (courtesy copy) |

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: August 20, 2007.

By: _____
Ramsey Al-Salam (Pro Hac Vice)
RAlSalam@perkinscoie.com
Ryan J. McBrayer (Pro Hac Vice)
RMcBrayer@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8000

Attorneys for Google Inc.

-4-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 06-60905-CIV-ALTONAGA/Turnoff

F & G RESEARCH, INC.,

        Plaintiff,

vs.

GOOGLE INC.
        Defendant.

## DEFENDANT GOOGLE INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS AND THINGS

Defendant Google Inc. ("Google") responds to plaintiff's first set of document requests and things as follows:

### REQUEST FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All documents referring or relating to the SOURCE CODE to operate the Google Earth navigation compass graphic interface appearing on its software.

**RESPONSE:** The request is overly broad, vague, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome, particularly in light of Google's pending motion for summary judgment. Any discovery should await the Court's resolution of that motion. Indeed, the Court has already denied plaintiff's request for discovery prior to having to respond to the motion. *See* July 27, 2007 Order.

Google also objects to the "Instructions" and "Definitions" to the extent plaintiff interprets them as imposing obligations beyond those imposed by the Federal Rules of Civil

Procedure or the Local Rules of the Court. Google objects to the "Definitions" as confusing insofar as they include definitions for terms that are not used in the requests themselves.

Google further objects to the request as seeking confidential documents. To the extent any such documents are produced, they will be produced only pursuant to an appropriate protective order.

DATED: August 20, 2007.

By: _____
Ramsey Al-Salam (Pro Hac Vice)
RAlSalam@perkinscoie.com
Ryan J. McBrayer, (Pro Hac Vice)
RMcBrayer@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8000
Attorneys for Google Inc.

## CERTIFICATE OF SERVICE

On August 20, 2007, I caused to be served upon counsel of record, at the address stated below, via the method of service indicated, a true and correct copy of the following documents:

**DEFENDANT GOOGLE, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS AND THINGS**

| | |
|---|---|
| Allen D. Brutsky | ___ Via hand delivery |
| abruis@aol.com | _X_ Via U.S. Mail, 1st Class, Postage Prepaid |
| 475 Galleon Drive | |
| Naples, FL 34102 | ___ Via Overnight Delivery |
| Ph. (239) 963-9641/Fax (239) 263-3441 | ___ Via Facsimile |
| | ___ Via Email (courtesy copy) |

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED: August 20, 2007.

By: _____
Ramsey Al-Salam (Pro Hac Vice)
RAlSalam@perkinscoie.com
Ryan J. McBrayer, (Pro Hac Vice)
RMcBrayer@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
(206) 359-8000

Attorneys for Google Inc.